FILED

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

2014 FEB -7  AM 11: 49

| | |
|---|---|
| IN RE: | * |
| George Transfer,Inc. | *   Case No. 96-51292 |
| | * |
| | *   Chapter 11 |
| _____ | * |
| Debtor(s) | * |

## MOTION TO WITHDRAW UNCLAIMED FUNDS
## FROM THE COURT REGISTRY

_Ronnie L.Ramsey_____, (hereinafter "Claimant"),
Name of Individual(s) or Entity

respectfully requests the Court to enter an Order to Withdraw Unclaimed Funds from the Court

Registry that are owed to the Claimant.   The Claimant states:

1.  The trustee appointed by the Court in this case did deposit in the Court's Registry of

   Unclaimed Funds the amount of $ 9,615.45_____.  The Claimant did not

   receive the funds because: _the funds were sent to an invalid prior address of the Claimant._____

   _____ .

2.  There is no dispute or controversy as to these funds, their availability or to whom they

   belong.

WHEREFORE, Claimant requests that the Court enter an order directing the Clerk of the Court

to withdraw and disburse said funds in the Court Registry to Claimant.

Respectfully Submitted,

_Robert V. Kelly_____
Signature of Claimant or Claimant's Representative

_Robert V.Kelly,funds locator_____
Printed Name of Claimant or Claimant's Representative

_Post Office Box 462,Spring Lake,NJ 07762_____
Complete Address of Claimant or Claimant's Representative

_732-282-1976_____
Phone Number of Claimant or Claimant's Representative

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND

IN RE:                  *

George Transfer,Inc.       *    Case No. 96-51292

                                *

                                *    Chapter 11

                                *

Debtor(s)

### CERTIFICATE OF SERVICE

Notice is hereby given to the Court that on February 5,2014 _____ (Date),

the U.S. Attorney for the District of Maryland at 36 S. Charles Street, Baltimore, MD,

21201, was advised via first class mail of the intent of the individual(s) or entity below (hereafter

"Claimant") to request the withdrawal of funds from the Court's Registry of Unclaimed Funds.

Ronnie L.Ramsey
_____
Name of Claimant

7420 Maine Road,Bedford,PA 15522
_____
Complete Address of Claimant

Respectfully Submitted,

_____
Signature of Claimant or Claimant's Representative

Robert V.Kelly,funds locator
_____
Printed Name of Claimant or Claimant's Representative

Post Office Box 462,Spring Lake,NJ 07762
_____
Complete Address of Claimant or Claimant's Representative

**SUBSCRIBED AND SWORN TO BEFORE ME** this 5TH _____ day of February _____,

20 14 ___, in the County of Monmouth _____, State of New Jersey _____.

_____
Signature of Notary Public

                     **MICHAEL T. MILLS**

                 NOTARY PUBLIC OF NEW JERSEY

Date Commission Expires:   My Commission Expires 2/22/2018

Commonwealth of Pennsylvania

County of Bedford

## LIMITED POWER OF ATTORNEY

Know all men by these presents that:

I,**Ronnie L.Ramsey,**residing at 7420 Maine Road,Bedford,PA 15522  do hereby appoint **Robert V. Kelly** of **National Recovery Services Inc.,** Post Office Box 462, Spring Lake,NJ 07762,in accordance with the compensation agreement on the Funds Recovery Contract,to represent me and to act as my attorney in fact in my name, place and stead,for my use and benefit,**only** for the matter of retrieving and recovering on my behalf unclaimed funds which he may locate <u>once</u> that are due to me and/or to those whom I lawfully represent from the Bankruptcy of **George Transfer,Inc.**

For this stated purpose, I give and grant unto Robert V. Kelly full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done for this particular purpose which I might or could do or cause to be done if personally present.

### THIS DOCUMENT CANNOT BE USED FOR ANY OTHER PURPOSE!

Executed this ___31___ day of ___January___ 2014

▫ You must sign,<u>HAVE SIGNATURE NOTARIZED,and insert  the last four digits of your Social Security No.</u>in the areas below.

<u>Notary Public</u>

Signature X *Ronnie L Ramsey*

Sworn to and subscribed before me

this 31 day of Jan , 2014

*Wendy L Dunkle Daley*

XXX-XX- 3259

**Social Security Number**
**(last four digits)**

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Wendy L. Dunkle-Daley, Notary Public
Snake Spring Twp., Bedford County
My Commission Expires Sept. 22, 2015
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

IN RE:                                           *

                                                 *    Case No. 96-51292

                                                 *                                    FILED
  George Transfer,Inc.                           *    Chapter 11
Debtor(s)                                        *                                 2014 FEB -7  AII:40

## AFFIDAVIT IN SUPPORT OF MOTION TO WITHDRAW UNCLAIMED FUNDS
## FROM THE COURT REGISTRY

I, Robert V.Kelly,funds locator

  Deponent's Name and, if applicable, Title and Name of Corporation/Entity

being duly sworn, state:

1. The trustee appointed by the Court in this case did deposit in the Court's Registry of Unclaimed
   Funds the amount of $ 9,615.45                                                              .

2. The funds are the property of  Ronnie L.Ramsey                                            .
                                  Name of Individual or Corporation/Entity

3. A brief history of the claim is: Claimant did not receive the funds since they were sent to an invalid
   prior address.
   _____ .

4. The right to the funds has not been further purchased, sold, assigned, or transferred.

   I declare under penalty of perjury that I have read the foregoing statements and that they are true
and accurate to the best of my knowledge, information, and belief, and that the Court may rely on the
truth of each statement.

Signature of Deponent: _Robert Kelly_          Date: February 5,2014

Claimant's Full Social Security No./Taxpayer Identification No.: XXX-XX-3259

Address of Deponent: Post Office Box 462,Spring Lake,NJ 07762

Telephone Number of Deponent: 732-282-1976

**SUBSCRIBED AND SWORN TO BEFORE ME** this 5TH          day of February          ,

20 14   , in the County of Monmouth                , State of New Jersey          .

Signature of Notary Public _____    Date Commission Expires: _____

MICHAEL T. MILLS
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 2/22/2018

Revised 11/11

| Creditor:          (1363505)<br>Ronnie L. Ramsey<br>Nathaniel B. Smith<br>Edgar, Snyder Assoc. PC<br>19 N. Juniata Street, P.O. Box 536<br>Hollidaysburg, Pa. I6648 | Claim No: 113<br>Original Filed<br>Date: 04/04/1996<br>Original Entered<br>Date: 04/04/1996 | Status:<br>Filed by: CR<br>Entered by:<br>Modified: 04/05/1996 |
|---|---|---|

| Amount | claimed: | $325000.00 |
|---|---|---|
| Secured | claimed: | $0.00 |
| Priority | claimed: | $0.00 |
| Unknown | claimed: | $0.00 |
| Unsecured | claimed: | $325000.00 |

History:

Details ◉ | 113-1 | 04/04/1996 | Claim #113 filed by Ronnie L. Ramsey, Amount claimed: $325000.00

Description:

Remarks: (113-1) Converted from BANCAP.

| 113 | Ronnie L. Ramsey, Nathaniel B. Smith | Edgar, Snyder Assoc. PC 19 N. Juniata Street, P.O. Box 536 Hollidaysburg PA 16648 | $9,615.45 | 5 . | Letter Returned | 7.69% |
|---|---|---|---|---|---|---|
| 335 | Connie L. Redmond | c/o Howard M. Heneson, Esq. 201 N. Charles Street, #600 Baltimore MD 21201 | $13,692.40 | 5 | Letter Returned | 7.69% |
| 299 | C. Ray Adams | Olen G. Haynes, Esq. Hicks, Arnold, Haynes P O Box 51845 Knoxville TN 37950 | $53,846.51 | 5 | No Response | 7.69% |
| 25 | Donna & Thomas Harnish, David H. Landis | 246 High Street Hamilton OH 45011 | $5,769.27 | 5 | No Response | 7.69% |
| 135 | Vernon Rollerson, Fine & Faure | c/o Joseph M. Fine, Esq. 220 Ninth Street, N.W. Albuquerque NM 87102 | $5,000.03 | 5 | No Response | 7.69% |
| 276 | Robert & Marsha Schaffer | Walter D. Kogut, P.C. 500 South Salina Street, #412 Syracuse NY 13202 | $11,057.77 | 5 | No Response | 7.69% |
| 287 | Amerada Hess Corp. | c/o Steven P. Resnick, Esq 116 D Cathedral Street Annapolis MD 21401 | $1,744.08 | 4 | No Response | 6.47% |
| SCH15 | American Express | Suite #0001 Chicago, IL 60679 | $2,059.82 | 4 | No Response | 6.47% |
| 229 | Baltimore Gas & Electric | P.O. Box 1475 Baltimore MD 21203 | $686.62 | 4 | No Response | 6.47% |
| 249 | Cellum, Billy | P.O. Box 687 Pharr TX 78577 | $6,530.88 | 4 | No Response | 6.47% |
| 102 | Comdata Network, Inc | P O Box 900 Brentwood TN 37024 | $2,564.81 | 4 | No Response | 6.47% |



B10 (Official Form 10)
(Rev. 12/92)


*96-51292*


*1363505*

# United States Bankruptcy Court

## District of Maryland (Baltimore)

# PROOF OF CLAIM

| In re (Name of Debtor) | Case Number 96-51292-jfs-11 |
|---|---|
| **George Transfer, Inc.** | Cred.Id: **1363505** |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor**
(The person or other entity to whom the debtor owes money or property)

**Ronnie L. Ramsey**

**Name and Address Where Notices Should be Sent**

Ronnie L. Ramsey
Nathaniel B. Smith
Edgar, Snyder Assoc. PC
~~322 KNICKERBOCKER~~        19 N. Juniata St.
~~ARRON, PA 15804~~          PO Box 536
Telephone No. 814-696-6580   Hollidaysburg, PA

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR
COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR   16648

No.: 776 for 1994
Court of Common Pleas of Bedford Cty. PA

Check here if this claim ☐ replaces    a previously filed claim, dated: _____
☐ amends

**1. BASIS FOR CLAIM**

☐ Goods sold
☐ Services performed
☐ Money loaned
☒ Personal injury/wrongful death
☐ Taxes
☐ Other (Describe briefly)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)
   Your social security number _____
   Unpaid compensation for services performed
   from _____ to _____
        (date)              (date)

**2. DATE DEBT WAS INCURRED**

9/3/93

**3. IF COURT JUDGMENT, DATE OBTAINED:**

**4. CLASSIFICATION OF CLAIM.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

☐ SECURED CLAIM $ _____
Attach evidence of perfection of security interest
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other (Describe briefly)

Amount of arrearage and other charges at time case filed included in secured claim above, if any $ _____

☒ UNSECURED NONPRIORITY CLAIM $ _unliquidated_
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM $ _____

Specify the priority of the claim.
☐ Wages, salaries, or commissions (up to $4000),* earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier—11 U.S.C. § 507(a)(3)
☐ Contributions to an employee benefit plan—11 U.S.C. § 507(a)(4)
☐ Up to $1,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use—11 U.S.C. § 507(a)(6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child—11 U.S.C. § 507(a)(7)
☐ Taxes or penalties of governmental units—11 U.S.C. § 507(a)(8)
☐ Other—Specify applicable paragraph of 11 U.S.C. § 507(a)____.
*Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after date of adjustment.

**5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED:**

Demand of $325,000.00

$ _____     $ _____     $ _____     $ _____
  (Unsecured)            (Secured)              (Priority)             (Total)

☐ Check this box if claim includes charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**6. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

THIS SPACE IS FOR
COURT USE ONLY

**7. SUPPORTING DOCUMENTS:** _Attach copies of supporting documents_, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. TIME-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.


APR 0_ _ _ _

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
|---|---|
| 4-2-96 | NATHANIEL B. SMITH, Attorney for Ronnie L. Ramsey |

_Penalty for presenting fraudulent claim:_ Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

116101262

UNITED STATES BANKRUPTCY COURT

**District of Maryland (Baltimore)**

Baltimore Division 101 W. Lombard Street Suite 919 Baltimore, MD  21201

NOTICE OF COMMENCEMENT OF CASE UNDER CHAPTER 11
OF THE BANKRUPTCY CODE,
MEETING OF CREDITORS, AND FIXING OF DATES
(Corporation/Partnership Case)

**Case Number:  96-51292 jfs**
Date Filed (or Converted) :  2/16/96

IN RE(NAME OF DEBTOR)
George Transfer, Inc., 52-0325720

ADDRESS OF DEBTOR
I-83 at Route 439
PO Box 500
Parkton, MD  21120

NAME/ADDRESS OF ATTORNEY FOR DEBTOR
Kenneth Oestreicher
7 St. Paul St.,#1400
Baltimore, MD  21202

Telephone Number:410-347-8700

NAME/ADDRESS OF TRUSTEE

DATE/TIME/LOCATION OF MEETING OF CREDITORS
April 10, 1996 at 2:00 pm
Office of the US Trustee
300 W. Pratt, #375
Baltimore, MD  21201

[ X ] Corporation  [  ] Partnership
Filing Claims: Deadline to File a Proof of Claim is  07/09/96

COMMENCEMENT OF CASE.  A petition for reorganization under chapter 11 of the Bankruptcy Code has been filed in this court by or against the debtor named above, and an order for relief has been entered.  You will not receive notice of all documents filed in this case.  All documents filed with the court, including lists of the debtor's property and debts, are available for inspection at the office of the clerk of the bankruptcy court.

CREDITORS MAY NOT TAKE CERTAIN ACTIONS.  A creditor is anyone to whom the debtor owes money or property.  Under the Bankruptcy Code, the debtor is granted certain protection against creditors.  Common examples of prohibited actions by creditors are contacting the debtor to demand repayment, taking action against the debtor to collect money owed to creditors or to take property of the debtor, and starting or continuing foreclosure actions or repossessions.  If unauthorized actions are taken by a creditor against a debtor, the court may penalize that creditor.  A creditor who is considering taking action against the debtor or the property of the debtor should review Sec. 362 of the Bankruptcy Code and may wish to seek legal advice.  If the debtor is a partnership, remedies otherwise available against general partners are not necessarily affected by the commencement of this partnership case.  The staff of the clerk of the bankruptcy court is not permitted to give legal advice.

MEETING OF CREDITORS.  The debtor's representative, as specified in Bankruptcy Rule 9001 (5), is required to appear at the meeting of creditors on the date and at the place set forth above for the purpose of being examined under oath.  Attendance by creditors at the meeting is welcomed, but not required.  At the meeting, the creditors may examine the debtor and transact such other business as may properly come before the meeting.  The meeting may be continued or adjourned from time to time by notice at the meeting, without further written notice to the creditors.

PROOF OF CLAIM.  Schedules of creditors have been or will be filed pursuant to Bankruptcy Rule 1007.  Any creditor holding a scheduled claim which is not listed as disputed, contingent, or unliquidated as to amount may, but is not required to, file a proof of claim in this case.  Creditors whose claims are not scheduled or whose claims are listed as disputed, contingent, or unliquidated as to amount and who desire to participate in the case or share in any distribution must file their proofs of claim.  A creditor who desires to rely on the schedule of creditors has the responsibility for determining that the claim is listed accurately.  The place to file a proof of claim, either in person or by mail, is the office of the clerk of the bankruptcy court.  Proof of claim forms are available in the clerk's office of any bankruptcy court.

PURPOSE OF CHAPTER 11 FILING. Chapter 11 of the Bankruptcy Code enables a debtor to reorganize pursuant to a plan.  A plan is not effective unless approved by the court at a confirmation hearing.  Creditors will be given notice concerning any plan, or in the event the case is dismissed or converted to another chapter of the Bankruptcy Code.  The debtor will remain in possession of its property and will continue to operate any business unless a trustee is appointed.

For the Court:        Frank Monge                     03/16/96                  FORM  B9F   0001
                      Clerk of the Bankruptcy Court         Date

Bancap 341 7/95 BNC

IN THE COURT OF COMMON PLEAS OF BEDFORD COUNTY, PENNSYLVANIA
CIVIL DIVISION

RONNIE L. RAMSEY,                    No.: 446 FOR 1994

        Plaintiff

  -vs-                               **COMPLAINT IN CIVIL ACTION**

PHILLIP RANDALL ZERBY;
and GEORGE TRANSFER, INC.,

       Defendants

                        Filed on behalf of:
                        Plaintiff

                        **A JURY TRIAL IS DEMANDED**

                        Counsel of record for this party:

                        NATHANIEL B. SMITH, ESQUIRE

                        PA I.D. No.  34277

                        EDGAR SNYDER & ASSOCIATES, P.C.
                        322 Frankstown Road
                        Altoona, PA  16602

                        (814) 944-6241

IN THE COURT OF COMMON PLEAS OF BEDFORD COUNTY, PENNSYLVANIA
CIVIL DIVISION

RONNIE L. RAMSEY,                     :   No.:
                                      :
              Plaintiff               :
                                      :
   -vs-                               :
                                      :
PHILLIP RANDALL ZERBY;                :
and GEORGE TRANSFER, INC.,            :
                                      :
              Defendants              :

### NOTICE TO DEFEND

You have been sued in court.  If you wish to defend against the
claims set forth in the following pages, you must take action
within twenty (20) days after this complaint and notice are served,
by entering a written appearance personally or by attorney and
filing in writing with the court your defenses or objections to the
claims set forth against you.  You are warned that if you fail to
do so the case may proceed without you and a judgment may be
entered against you by the court without further notice for any
money claimed in the complaint or for any claim or relief requested
by the plaintiff.  You may lose money or property or other rights
important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT
HAVE OR KNOW A LAWYER, THEN YOU SHOULD GO TO OR TELEPHONE THE
OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:

LAWYER REFERRAL SERVICE -       Prothonotary
                                Bedford County Courthouse
                                Bedford, PA  15522
                                814-623-4833

IN THE COURT OF COMMON PLEAS OF BEDFORD COUNTY, PENNSYLVANIA
CIVIL DIVISION

RONNIE L. RAMSEY,              :   No.:

        Plaintiff        :

  -vs-                      :

PHILLIP RANDALL ZERBY;     :
and GEORGE TRANSFER, INC.,  :

        Defendants      :

## COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, Ronnie L. Ramsey, by and through his attorneys, EDGAR SNYDER & ASSOCIATES, P.C. and NATHANIEL B. SMITH, ESQUIRE, to make complaint against the Defendants, upon cause whereof the following is a statement:

### Ronnie L. Ramsey, Plaintiff v. Phillip Randall Zerby and George Transfer, Inc.

1. Plaintiff, Ronnie L. Ramsey, is an adult individual who resides at Star Route 1, Box 54D, Crystal Spring, Fulton County, Pennsylvania 15534.

2. Defendant, Phillip Randall Zerby, is an adult individual whose last known address is Box 36, Claysburg, Blair County, Pennsylvania 16625.

3. Defendant, George Transfer, Inc., is a corporation whose offices are located at 2200 West Chain of Rocks Road, Granite City, Illinois, 62040, and which regularly does business in the Commonwealth of Pennsylvania and is a motor carrier subject to regulation by the Interstate Commerce Commission and the U.S. Department of Transportation.

4.   At all times pertinent hereto, Defendant, Phillip Randall Zerby, was the operator of a 1972 International Truck which he was operating on behalf of Defendant, George Transfer, Inc., and as such operator he was acting as the agent, servant and employee of Defendant, George Transfer, Inc., on or about the business of Defendant, George Transfer, Inc., and acting under its direct supervision and control.

5.   On September 3, 1993, at approximately 4:30 a.m., Plaintiff, Ronnie L. Ramsey, was lawfully, carefully and properly operating a motor vehicle in a northerly direction on State Route 70 near its intersection with State Route 30 in East Providence Township, Bedford County, Pennsylvania.

6.   At the above-mentioned time and place, Defendant, Phillip Randall Zerby, was also travelling in the same direction on State Route 70 leading toward State Route 30, travelling immediately behind the Plaintiff's vehicle.

7.   At the above-mentioned time and place, the Plaintiff, Ronnie L. Ramsey, was lawfully, carefully and properly stopped in line at a traffic light when Plaintiff's vehicle was struck violently from behind by the vehicle operated by Defendant, Phillip Randall Zerby.  The impact was so substantial that it caused Plaintiff's vehicle to be pushed and propelled into the vehicle stopped ahead of Plaintiff's vehicle.  The collision caused by the Defendant, Phillip Randall Zerby, was such that the Plaintiff, Ronnie L. Ramsey, was caused to suffer severe and grievous injuries.

8.   The above-described accident was caused solely by the negligence of the Defendant, Phillip Randall Zerby, acting within the course and scope of his employment as the agent, servant and employee of Defendant, George Transfer, Inc., and said negligence consisted of the following:

a.   In travelling too fast for conditions;

b.   In operating his vehicle at an excessive rate of speed;

c.   In failing to keep a proper lookout;

d.   In failing to properly control his vehicle in reckless disregard for the rights of the Plaintiff;

e.   In failing to bring the vehicle which he was operating to a stop within the assured cleared distance ahead;

f.   In failing to take all reasonable measures to avoid colliding with the motor vehicle operated by Plaintiff, Ronnie L. Ramsey;

g.   In failing to stop, turn or take other appropriate actions so that the collision with the motor vehicle operated by Plaintiff could be avoided;

h.   In violating the provisions of the Pennsylvania Motor Vehicle Code pertaining to driving vehicle at a safe speed as set forth in 75 Pa. C.S.A. Section 3361;

i.   In negligently and recklessly operating a vehicle while under the influence of alcohol and in an unfit state to drive;

j.   In knowingly driving under the influence of alcohol so as to negligently hurt and cause damage to Plaintiff;

k.  In violating the provisions of the Pennsylvania Motor Vehicle Code pertaining to driving under the influence of alcohol as set forth in 75 Pa. C.S.A. Section 3731;

l.  In violating the provisions of the Pennsylvania Motor Vehicle Code pertaining to reckless driving as set forth in 75 Pa. C.S.A. Section 3714;

m.  In violating the provisions of the Pennsylvania Motor Vehicle Code pertaining to false reports as set forth in 75 Pa. C.S.A. Section 3748;

n.  In violating the provisions of the Pennsylvania Motor Vehicle Code pertaining to Unlawful Activities as set forth in 75 Pa. C.S.A. Section 4107 (b) 2.

9.  As a direct and proximate result of the negligence, carelessness and recklessness of the Defendant, Phillip Randall Zerby, solely and jointly liable with Defendant, George Transfer, Inc., the Plaintiff, Ronnie L. Ramsey, suffered the following injuries and damages all or some of which may be permanent in nature:

a.  Depressed nasal bone fracture;

b.  Nasal septal deviation;

c.  Multiple fractured ribs on left at second, fifth and eighth;

d.  Left inguinal hernia;

e.  Sprain/strain and contusion injuries to the paraspinous muscles and flank muscles;

f.  Cervical sprain/strain;

g.  Left lateral ankle strain;

h.  Disfigurement and scarring;

      i.    Headaches;

      j.    Lacerations on chin;

      k.    Multiple contusions;

      l.    Severe shock, strain and sprain of the nerves, muscles, tissues, ligaments and vessels of the musculoskeletal system; and,

      m.    Other injuries which may be serious and severe the exact nature of which are unknown to the Plaintiff at this time.

10.  As a further result of the accident, the Plaintiff has been and will be obligated to undergo medical attention and care and to incur various expenses, which expenses may or do exceed the sums recoverable under the limits of the Pennsylvania Motor Vehicle Financial Responsibility Law and the Plaintiff may be obligated to continue to expend such sums of money or incur such expenses for an indefinite period of time into the future.

11.  As a further result of the accident, Plaintiff has suffered a loss of earnings, a loss of earning capacity and power to earn.  Such loss of income and impairment of his earning capacity or earnings has or may exceed the sums recoverable under the limits of the Pennsylvania Motor Vehicle Financial Responsibility Law.

12.  As a further result of the accident, Plaintiff has suffered severe physical pain, mental anguish, humiliation, a loss of enjoyment of life's pleasures, and he may continue to suffer the same for an indefinite period of time into the future, and said items of damage may or already are permanent in nature.

13. As a further result of the accident, the Plaintiff has suffered scarring and disfigurement.

WHEREFORE, Plaintiff, Ronnie L. Ramsey, demands judgment against the Defendants, Phillip Randall Zerby, and George Transfer, Inc., jointly and severally, for an amount in excess of the $25,000.00 jurisdictional limits of the Court of Common Pleas of Bedford County.

A JURY TRIAL IS DEMANDED.

## Count II
### Ronnie L. Ramsey, Plaintiff v. Phillip Randall Zerby, Defendant
### Punitive Damages

14. Paragraphs 1 through 13 inclusive are incorporated herein by reference as though fully set forth herein at length.

15. Defendant, Phillip Randall Zerby's conduct was willful and wanton in that the Defendant knowingly operated said vehicle while his mental facilities were impaired, that being while he was under the influence of alcohol or other illegal controlled substances.

16. Defendant, Phillip Randall Zerby, knowingly and willfully caused harm and injury to the Plaintiff, by knowingly, willfully and wantonly operating his motor vehicle when Defendant knew or should have known that his ability to operate a motor vehicle safely on the streets and highways of the Commonwealth of Pennsylvania was significantly impaired due to the fact that he had consumed a significant number of alcoholic beverages or other alleged illegal controlled substances prior to the time of entering his vehicle, and Defendant knew or should have known by the

exercise of reasonable care or judgment that he was incapable of operating his motor vehicle safely on the streets and highways of the Commonwealth of Pennsylvania.

17. Defendant, Phillip Randall Zerby, knowingly, willfully and wantonly falsely reported that he was not the operator of the vehicle which struck Plaintiff's vehicle.

18. As a result of the aforementioned allegations and averments set forth in this Complaint, the Plaintiff, Ronnie L. Ramsey, seeks punitive damages against Defendant, Phillip Randall Zerby.

WHEREFORE, Plaintiff, Ronnie L. Ramsey, demands judgment against Defendant, Phillip Randall Zerby, for punitive damages in excess of the $25,000.00 jurisdictional limits of arbitration in the Court of Common Pleas of Bedford County.

A JURY TRIAL IS DEMANDED.

Respectfully submitted,

EDGAR SNYDER & ASSOCIATES, P.C.

By: _____
Nathaniel B. Smith, Esquire
322 Frankstown Road
Altoona, PA  16602

## VERIFICATION

I hereby verify that the foregoing averments of fact are true and correct and based upon my personal knowledge, information or belief. I understand that these averments of fact are made subject to the penalties of 18 Purdons Consolidated Statutes Section 4904, relating to unsworn falsification to authorities.

Ronnie L. Ramsey
Ronnie L. Ramsey

Date: 4-13-94



19 North Juniata Street, Suite 1
Hollidaysburg, PA 16648-1901

Telephone:    814/696-6580
Toll Free:     1-800/881-2711
FAX:           814/696-6586

Attorney Nathaniel B. Smith
Also admitted to practice in Maryland

**COPY**

Other Offices In: Ebensburg
Erie · Johnstown · Pittsburgh

October 17, 1995

Stacey Vernallis, Esquire
PIETRAGALLO, BOSICK & GORDON
The Thirty-Eighth Floor
One Oxford Centre
Pittsburgh, PA  15219

Re:  Ronnie Ramsey v. Phillip Zerby
     and George Transfer, Inc.

Dear Ms. Vernallis:

On behalf of Ronnie Ramsey, our settlement demand upon your insured is in the amount of $325,000.00. Negligence in this matter is clear. Relative to the injuries sustained by Ronnie Ramsey, I have provided copies of accumulated medical documentation then current with my client's Answers to Discovery in February of this year. I am providing you with copies of updated medical records from Orthopedic Surgeon Rodney G. Gordon, M.D. I am also providing you with copies of the narrative reports that have been authored by the various doctors who have treated Mr. Ramsey over the course of time. I am also including the medical report of Dr. Vincent F. Morgan, who conducted an IME at the request of Mr. Ramsey's first party benefit benefit carrier on January 3, 1995.

As to residual problems, Ronnie still experiences the following:

1.    Recurrent low back pain;

2.    Recurrent instability of left ankle;

3.    Modified work duties due to lifting limitation of 50 pounds currently;

4.    Breathing limitation right nostril and recurrent sinus problems;

5.    Scarring from chin laceration and hernia incision and disfigurement from nose fracture.

October 17, 1995
Page Two


Mr. Ramsey's medicals have been paid entirely through his first party benefit carrier. Wage loss has accumulated in excess of the $5,000.00 first party benefits provided through Mr. Ramsey's automobile insurance policy. Mr. Ramsey was initially off work from September 3, 1993 to March 8, 1994. From March 8, 1994 until May 19, 1994, Mr. Ramsey returned to a reduced work schedule of four hours per day. Thereafter, he was off from May 20, 1994 to June 6 1994. He returned to work on June 6, 1994 at a reduced work schedule of six hours per day until his work schedule was increased eight hours per day commencing on September 7, 1994. Thereafter, Mr. Ramsey was off work from October 19, 1994 to November 8, 1994 due to an exacerbation of neck pain. Total wage loss calculated at $7.29 per hour which totals $11,190.15. Mr. Ramsey was paid $5,000.00 through his first party carrier. There is an approximate wage loss of $6,190.15 which can be increased to be more accurate by applicable hourly pay increases and the inclusion of an average overtime figure.

When you are in a position to respond to this demand with an offer from Defendant, George Transfer, Inc., I will look forward to hearing from you.

Sincerely yours,

Nathaniel B. Smith

NBS/lcb

**Claim History**

# Detailed Description of Claim Activity 113-1

---------------------------------------------------------------------------------------------------------------

| Date of Change | Change Made by | Description of Change |
|---|---|---|
| 04/04/1996 | | Created *Amount Claimed:* $325000.00<br>Created *Unsecured Claimed Amount:* $325000.00<br>Created *Secured Claimed Amount:* $0.00   Created *Admin Allowed Amount:* $0.00<br>Created *Priority Claimed Amount:* $0.00<br>Created *Unknown Claimed Amount:* $0.00<br><br>Created *Filed By:* Creditor<br>Created *Date Filed:* 04/04/1996<br><br>Created *Remarks:* Converted from BANCAP. |

PA STATE AGENCIES

ONLINE SERVICES

Tom Corbett, Governor | Education

Back to Search Results | New Search

**Bureau of Commissions, Elections & Legislation**

Searching By Name: Dunkle-Daley, Wendy

**Division Of Commissions, Legislation and Notaries**

- Home
- What is a Notary
- Become a Notary
- Notary Education Providers
- General Information and Equipment
- Update Your Information
- Reappointment
- Laws
- Active Notaries
- Electronic Notarization
- Notary Searchable Database & eServices
- Certifications, Apostilles, and the Authentication of Documents
- Complaints
- Disciplinary Actions
- Legislation
- Contact Us

**Department of State Homepage**

Get Adobe Reader

Internet Explorer

Environmental Protection

Game Commission

Homeland Security

Labor & Industry

Lottery

Public Welfare

Revenue

State

Transportation

more...

| Name & Commission Details | Business Name & Address | Phone |
|---|---|---|
| DUNKLE-DALEY, WENDY, L<br>Commission ID: 1043426<br>Current Status: Commissioned<br>ENotary Status: No | DUNKLE SERVICES<br>9503 LINCOLN HWY<br>BEDFORD, PA 15522<br>BEDFORD COUNTY<br>Municipality: SNAKE SPRING TWP | (814) 623-3350 |

**Previous Names**

| First Name | Middle Intial | Last Name | Suffix | Changed Date |
|---|---|---|---|---|
| WENDY | L | DUNKLE-DALEY | | 6/14/2011 |

**Commission History**

| Status | Received Date | Effective Date | Expiration Date |
|---|---|---|---|
| Commissioned | 6/7/2011 | 9/22/2011 | 9/22/2015 |
| Expired | 6/13/2007 | 9/22/2007 | 9/22/2011 |
| Expired | 8/6/2003 | 9/22/2003 | 9/22/2007 |
| Expired | 9/10/1999 | 9/22/1999 | 9/22/2003 |

**Disclaimer**

The information contained in the online verification web site is being made available as a public service by the Pennsylvania Department of State (Bureau of Commissions, Elections and Legislation). No posted information or material provided is intended to constitute legal or professional advice. The information contained in this web site was supplied from applications and other information as submitted and updated by notaries public. The Department of State makes no representations or warranties, either express or implied, as to the accuracy of any posted information and assumes no responsibility for any errors or omissions contained therein. Furthermore, no warranty, express or implied, is created by providing information through this web site and the presence of an individual notary public on the web site does not in any way constitute an endorsement by the Department of State or the Secretary of the Commonwealth. No one shall be entitled to claim detrimental reliance on any views or information, whether provided by or accessed through this web site, or to claim any duty on our part to update posted information or to protect the interests of those accessing this web site. In no event shall the Department of State, its contractors or staff be liable to you or anyone else for any decision made or action taken in reliance on such information or views. For any more information regarding this web site or if you have any questions about information provided therein, please contact the Division of Legislation and Notaries of the Department of State. The data is derived directly from the Pennsylvania Notaries database and is updated on a daily basis.

Privacy Policy | Security Policy
Copyright © 2010 Commonwealth of Pennsylvania. All Rights Reserved

| MILLS, MICHAEL | HOWELL | 07731- | 22-FEB-18 |

Claim 113-1     Filed 04/04/96     Page 1 of 14

B10 (Official Form 10)
(Rev. 12/92)

# United States Bankruptcy Court

### District of Maryland (Baltimore)

## PROOF OF CLAIM

*96-51292*

*1363505*

| In re (Name of Debtor) George Transfer, Inc. | Case Number 96-51292-jfs-11 |
|---|---|
| | Cred.Id: 1363505 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor
(The person or other entity to whom the debtor owes money or property)
**Ronnie L. Ramsey**

Name and Address Where Notices Should be Sent

**Ronnie L. Ramsey**
**Nathaniel B. Smith**
**Edgar, Snyder Assoc. PC**
~~322 Knickerbocker~~   19 N. Juniata St.
~~Altoona, PA 16602~~   PO Box 536
Telephone No. 814-696-6580   Hollidaysburg, PA

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR  16648
No.: 776 for 1994
Court of Common Pleas of Bedford Cty, PA

Check here if this claim ☐ replaces     a previously filed claim, dated:_____
☐ amends

**1. BASIS FOR CLAIM**

☐ Goods sold
☐ Services performed
☐ Money loaned
☒☒ Personal injury/wrongful death
☐ Taxes
☐ Other (Describe briefly)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)
Your social security number_____
Unpaid compensation for services performed
from_____ to _____
(date)                     (date)

| 2. DATE DEBT WAS INCURRED | 3. IF COURT JUDGMENT, DATE OBTAINED: |
|---|---|
| 9/3/93 | |

**4. CLASSIFICATION OF CLAIM.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

☐ SECURED CLAIM $_____
Attach evidence of perfection of security interest
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other (Describe briefly)

Amount of arrearage and other charges at time case filed included in secured claim above, if any $_____

☒☒ UNSECURED NONPRIORITY CLAIM $ unliquidated
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM $_____

Specify the priority of the claim.
☐ Wages, salaries, or commissions (up to $4000),* earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier—11 U.S.C. § 507(a)(3)
☐ Contributions to an employee benefit plan—11 U.S.C. § 507(a)(4)
☐ Up to $1,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use—11 U.S.C. § 507(a)(6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child— 11 U.S.C. § 507(a)(7)
☐ Taxes or penalties of governmental units—11 U.S.C. § 507(a)(8)
☐ Other—Specify applicable paragraph of 11 U.S.C. § 507(a)_____
*Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after date of adjustment.

**5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED:**   Demand of $325,000.00
$_____ (Unsecured)   $_____ (Secured)   $_____ (Priority)   $_____ (Total)
☐ Check this box if claim includes charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**6. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

THIS SPACE IS FOR COURT USE ONLY

**7. SUPPORTING DOCUMENTS:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. TIME-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

APR 04 96

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
|---|---|
| 4-2-96 | NATHANIEL B. SMITH, Attorney for Ronnie L. Ramsey |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

IN THE COURT OF COMMON PLEAS OF BEDFORD COUNTY, PENNSYLVANIA
CIVIL DIVISION

RONNIE L. RAMSEY,                          :    No.:
                                           :
            Plaintiff                      :
                                           :
  -vs-                                     :
                                           :
PHILLIP RANDALL ZERBY;                     :
and GEORGE TRANSFER, INC.,                 :
                                           :
            Defendants                     :

## COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, Ronnie L. Ramsey, by and through

his attorneys, EDGAR SNYDER & ASSOCIATES, P.C. and NATHANIEL B.

SMITH, ESQUIRE, to make complaint against the Defendants, upon

cause whereof the following is a statement:

### Ronnie L. Ramsey, Plaintiff v. Phillip Randall Zerby and George Transfer, Inc.

*PRioR Address* 1.  Plaintiff, Ronnie L. Ramsey, is an adult individual who

resides at Star Route 1, Box 54D, Crystal Spring, Fulton County,

Pennsylvania  15534.

2.  Defendant, Phillip Randall Zerby, is an adult individual

whose last known address is Box 36, Claysburg, Blair County,

Pennsylvania  16625.

3.  Defendant, George Transfer, Inc., is a corporation whose

offices are located at 2200 West Chain of Rocks Road, Granite City,

Illinois,  62040,  and  which  regularly  does  business  in  the

Commonwealth of Pennsylvania and is a motor carrier subject to

regulation by the Interstate Commerce Commission and the U.S.

Department of Transportation.

9,131

921561869000045-001

CERTIFICATE OF TITLE FOR A VEHICLE

| 1FTEF14N5NKB35292 | 92 | FORD | 45148109401 RA |
|---|---|---|---|
| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE OF VEHICLE | TITLE NUMBER |

| TK | 0 | | | 6,100 | | | 0 |
|---|---|---|---|---|---|---|---|
| BODY TYPE | DUP | SEAT CAP | UNLADEN WEIGHT | GVWR | GCWR | TITLE BRANDS |

| 6/04/92 | 6/04/92 | | 6/04/92 | 000020 | 0 |
|---|---|---|---|---|---|
| DATE PA TITLED | DATE OF ISSUE | PRIOR TITLE STATE | ODOM. PROCD. DATE | ODOM. MILES | ODOM. STATUS |

**ODOMETER STATUS**
0 = ACTUAL MILEAGE
1 = MILEAGE EXCEEDS THE MECHANICAL LIMITS
2 = NOT THE ACTUAL MILEAGE
3 = NOT THE ACTUAL MILEAGE - ODOMETER TAMPERING VERIFIED
4 = EXEMPT FROM ODOMETER DISCLOSURE

**TITLE BRANDS**
A = ANTIQUE VEHICLE
C = CLASSIC VEHICLE
F = OUT OF COUNTRY
G = ORIGINALLY MFGD. FOR NON-U.S. DISTRIBUTION
H = AGRICULTURAL VEHICLE
L = LOGGING VEHICLE
P = FORMERLY A POLICE VEHICLE
R = RECONSTRUCTED
S = STREET ROD
V = VEHICLE CONTAINS REISSUED VIN
X = FORMERLY A TAXI

**ACTUAL MILEAGE**
REGISTERED OWNER(S)

RONNIE L RAMSEY
STAR RT 1 BOX 54D
CRYSTAL SPRING PA 15536

FIRST LIEN FAVOR OF:
FORD MOTOR CREDIT CO

SECOND LIEN FAVOR OF:

*June 18 1996*

FIRST LIEN RELEASED _____ DATE

If a second lienholder is listed, upon satisfaction of the first lien, the first lienholder must forward this Title to the Bureau of Motor Vehicles with the appropriate form and fee.

BY _____ *Baldwin*
AUTHORIZED REPRESENTATIVE

SECOND LIEN RELEASED _____ DATE

MAILING ADDRESS
600134
FORD MOTOR CREDIT CO
3045 MARKET ST
BOX 3070
SHIREMANSTOWN PA 17011

BY _____ AUTHORIZED REPRESENTATIVE

HOWARD YERUSALIM
Secretary of Transportation

I certify as of the date of issue, the official records of the Pennsylvania Department of Transportation reflect that the person(s) or company named herein is the lawful owner of the said vehicle.

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

*PROOF OF PRIOR ADDRESS*

ENTERED

APR 7 1998

CLERK'S OFFICE
U. S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

In re:  GEORGE TRANSFER, INC.,                    *        Case No:  96-5-1292-JS
                                                                        Chapter 11
                Debtor.                                     *

In re:  MACK BROTHERS, INCORPORATED,    *        Case No:  96-5-1293-JS
                                                                        Chapter 11
                Debtor.                                     *

                                                                *

In re:  TRI-L TRANSPORT, INC.,                       *        Case No:  96-5-1294-JS
                                                                        Chapter 11
                Debtor.                                     *

                                                                *        **(Consolidated Under
                                                                        Case No. 96-5-1292-JS)**

                                                                *

*     *     *     *     *     *     *     *     *     *     *     *     *

## ORDER APPROVING MOTION FOR AUTHORITY TO
## APPROVE SETTLEMENT WITH RONNIE L. RAMSEY

Upon consideration of the Liquidating Trustee of George Transfer, Inc., Mack Brothers,

Incorporated and Tri-L Transport, Inc.'s Motion for Authority to Approve Settlement with

Ronnie L. Ramsey (the "Motion"), no objections having been filed, and the Court finding that

the settlement with Ronnie L. Ramsey in the amount stated in the Motion is fair and reasonable

and that the settlement is in the best interests of creditors, it is this 6th day of April , 1998,

ORDERED, that the Motion is granted and the settlement between the Liquidating

Trustee of George Transfer, Inc., Mack Brothers, Incorporated and Tri-L Transport, Inc. (the

"Trustee") and Ronnie L. Ramsey is approved, and it is further

ORDERED, that the Liquidating Trustee is authorized to execute any documents and take

any other action necessary to effectuate the settlement, and it is further

453

431, 432



**CERTIFICATE OF MAILING**

The undersigned Deputy Clerk of the Bankruptcy Court for the District of Maryland hereby certifies that a copy of the document on which this stamp appears was mailed to all parties in interest herein as required by this date Bankruptcy Act, Code, and rules of Bankruptcy Procedure:

DATED AND FILED:

Deputy Clerk