## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

In re:                                              *

**GEORGE TRANSFER, INC., MACK**        * Case Nos.: 96-5-1292 (JS)
**BROTHERS, INC., AND TRI-L**             Chapter 11
**TRANSFER, INC.,**                     * (Substantively Consolidated)

      Debtors.                       *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 7th day of January, 2014, a copy of the attached letter

notifying certain claimants of funds turned over to the U.S Bankruptcy Court was mailed via first

class mail, postage prepaid, to the parties on the attached list and to:

               Office of the U.S. Trustee
               101 W. Lombard Street, Suite 2625
               Baltimore, MD 21201

               /s/Charles R. Goldstein
               Charles R. Goldstein, Liquidating Trustee
               1 East Pratt Street, Suite 800
               Baltimore, MD 21202
               Ph: (410) 454-6238
               Fax: (410) 454-6801
               md-bank@protiviti.com

A I Transport
P O Box 101850
Atlanta, GA 30392-1850

A.I. Transporting, Inc.
c/o John W. Browning, Esq.
Royston, Mueller, McLean & Reid, LLP
102 W. Pennsylvania Avenue
Towson, MD 21204-4510

Amerada Hess Corp.
P O Box 65306
Charlotte, NC 28265

Amerada Hess Corporation
c/o Steven P. Resnick, Esq
116 D Cathedral Street
Annapolis, Md. 21401

American Express
Suite #0001
Chicago, IL 60679

AMERICAN EXPRESS TRAVEL RELATED SVCS CO
C/O Becket & Watkins
P.O. BOX 3001 Dept. AC
Malvern, PA  19355-0701

Ann Le
c/o Simon and Lupo
P. 0. Box 1722
N.Brunswick, NJ 08902

Baltimore Gas & Electric
P O Box 1431
Baltimore, MD 21203-1431

Baltimore Gas & Electric Co.
P.O. Box 1475
Baltimore, MD 21203-1475

Billy Cellum
P. O. Box 687
Pharr, TX 78577-1613

C. Ray Adams
Olen G. Haynes, Esq.
Hicks, Arnold, Haynes
P O Box 51845
Knoxville, TN 37950-1845

C. Ray Adams
Shoshanna Katz
100 South Charles Street
Baltimore, MD 21201-2725

CCIS Transportation Services, Inc.
dba EDS Fleet Services, Inc.
c/o Continental Credit Insurance
P O Box 2102
Cranbury, NJ 08512-0952

Comdata Network, Inc.
P O Box 900
Brentwood, TN 37024-0900

Connie L. Ramsey
Nathaniel B. Smith
Edgar, Snyder Assoc. PC
19 N. Juniata Street, P.O. Box 536
Hollidaysburg, Pa 16648-0536

Connie L. Redmond
c/o Howard M. Heneson, Esq.
201 N. Charles Street, #600
Baltimore, MD 21201-4198

Connie L. Redmond  & Renee Holt
John D. McMahan, Esq.
415 Georgia Avenue
Chattanooga, TN 37403-1814

Donna & Thomas Harnish
David H. Landis
246 High Street
Hamilton, OH 45011-2754

EDS Fleet Service
Commercial Bank - Texas
P O Box 650037
Dallas, TX 75265-0037

Frank Bollinger & Majorie Bollinger
c/o John S. Bowers
720 South High Street
Columbus, OH 43206-1044

Fruehauf Corp.
P.O. Box 40140
Pittsburgh, PA 15201-0140

Fruehauf Trailer
Attn: John Meiers
P. O. Box 40140
Pittsburgh, PA 15201-0140

Gene and Lela Butler
319 Crosby Circle
Greenville, SC 29605-1309

George Trailer Co.
c/o Merlin G. Tucker
703 Snyder Street
Bangor, PA 18013-2822

Ins. Co. of State of PA
c/o A I Transport
100 Colony Square, #900
1175 Peachtree St., N.E.
Atlanta, GA 30361-3528

James Butler & Lela M. Butler
c/o M. Terry Haselden
Faucette Law Firm, P.A.
1066 Asheville Highway
Spartansburg, S.C. 29303-2643

John I. Stryker, Jr.
Universal Dis. Ser. Inc.
4000 Beechwood Road
Baltimore, MD 21222

Kelly Springfield Tire
AR 56281
P O Box 65849
Charlotte, NC 28265

MCI Communications
205 North Michigan Ave.
Suite 2500
Dept/Loc 7157/500
Chicago, IL 60601-5923

Merlot Tarpaulin & Side
Manufacturing Co Inc
4514 Plummer Street
Pittsburgh, PA 15201-3032

Merlot Tarpualin & Sidekit Mfg CO. Inc.
c/o Randall W. Moon
1124 Frick Bldg
Pittsburg, Pa. I5219-6101

NationsBank
P O Box 27025
Richmond, VA 23261-7025

NationsBank, N.A.
c/o David J. Millman
849 Fairmount Avenue
Baltimore, MD 21286-2624

NationsBank, N.A.
c/o Allan P. Feigelson, Esq.
P.O. Box 361
Riverdale, MD 20738-0361

Owensboro Petroleum
1734 East Parrish Ave.
Owensboro, KY 42303-0908

PA State Workers' Insurance Fund
Mary Fox, Assistant Counsel
100 Lackawanna Avenue, 3rd flr.
Scranton, PA 18503-1966

Paine Realty Corp.
c/o Nolan, Plumhoff & Williams
Nottingham Centre, Suite 700
502 Washington Avenue
Towson, MD 21204-4517

Phyllis Hykes
Glenview Apartment 8
3379 Main Street
Mineral Ridge, OH 44440-9735

Phyllis Hykes
1811 Lansing Court
McLean, VA 22101-5256

RALPH MEYER
3445 CATHOLIC VALLEY RD
GLEN ROCK PA  17327-7653

Ralph Meyer
c/o Jodi B. Trout, Esq
101 S. Duke Street
York, Pa 17401-2038

Ravenswood Aluminum Corp
P. O. Box 98
Ravenswood, WV 26164-0098

Sautter Crane Rental Inc
P. O. Box 21039
Philadelphia, PA 19114-0539

The Amerada Hess Corporation
c/o Kevin Reynolds, Esq.
116-D Cathedral Street
Annapolis, MD 21401-2743

Vernon Rollerson
c/o Joseph M. Fine, Esq.
Fine & Faure
220 Ninth Street, N.W.
Albuquerque, NM 87102-3026

Wright Constable & Skeen
250 W. Pratt Street
13th Floor
Baltimore, MD 21201-2423
Attn: Kenneth F. Davies, Esq

Rand McNally – TDM, Inc.
8255 N. Central Pk
Skokie, IL 60076-2908

Robert Neil Schaffer & Marsha Schaffer
c/o Walter D. Kogut, Esq.
500 South Salina Street, Suite 412
Syracuse, NY 13202-3386

State Workers Comp. Ins. Co. of PA
Mary Fox, Assistant Counsel
100 Lackawanna Avenue
P.O. Box 5100
Scranton, PA 18505-5100

Thelma Bakori
c/o Jeffrey T. Olup/Bassi & Associates
111 Fallowfield Avenue
P.O. Box 144
Charleroi, PA 15022-0144

William Peterson
c/o Jonathan Ostroff
Ostroff & Kline, P.C.
2962 Skippack Pike
Lansdale, PA 19446-5851

B10 (Official Form 10)
(Rev. 12/92)

# United States Bankruptcy Court
### District of Maryland (Baltimore)

## PROOF OF CLAIM

| In re (Name of Debtor). | Case Number 96-51292-Ja-11 |
|---|---|
| George Transfer, Inc. | Cred.id: 1363255 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor**
*(The person or other entity to whom the debtor owes money or property)*
**Thelma Bakori**

Name and Address Where Notices Should be Sent
Thelma Bakori
Jeffrey T. Olup
Basal & Associates
P O Box 144
Charleroi, PA, 15022

Telephone No. 412 483-5552 (Bassi and Assc.)

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR

Check here if this claim ☐ replaces ☐ amends    a previously filed claim, dated:_____

### 1. BASIS FOR CLAIM
☐ Goods sold
☐ Services performed
☐ Money loaned
☒ Personal injury/wrongful death
☐ Taxes
☐ Other (Describe briefly)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)
Your social security number _____
Unpaid compensation for services performed
from _____ to _____
        (date)              (date)

| 2. DATE DEBT WAS INCURRED | 3. IF COURT JUDGMENT, DATE OBTAINED: |
|---|---|
| Accident Date: December 26, 1991 | No judgment obtained |

### 4. CLASSIFICATION OF CLAIM.
Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

☐ SECURED CLAIM $_____
Attach evidence of perfection of security interest
Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle ☐ Other (Describe briefly)

Amount of arrearage and other charges at time case filed included in secured claim above, if any $_____

☒ UNSECURED NONPRIORITY CLAIM $ 500,000
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM $_____

Specify the priority of the claim.
☐ Wages, salaries, or commissions (up to $4000),* earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier—11 U.S.C. § 507(a)(3)
☐ Contributions to an employee benefit plan—11 U.S.C. § 507(a)(4)
☐ Up to $1,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use—11 U.S.C. § 507(a)(6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child—11 U.S.C. § 507(a)(7)
☐ Taxes or penalties of governmental units—11 U.S.C. § 507(a)(8)
☐ Other—Specify applicable paragraph of 11 U.S.C. § 507(a)_____
*Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after date of adjustment.

### 5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED:
$ 500,000 (Unsecured)    $_____ (Secured)    $_____ (Priority)    $ 500,000 (Total)

☐ Check this box if claim includes charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**6. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

**7. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. TIME-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

MAR 29 1996

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
|---|---|
| 3/26/96 | Jeffrey T. Olup, Attorney at Law |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

116101116

UNITED STATES BANKRUPTCY COURT

Baltimore Division101 W. Lombard StreetSuite 919Baltimore, MD 21201

### NOTICE OF COMMENCEMENT OF CASE UNDER CHAPTER 11
### OF THE BANKRUPTCY CODE,
### MEETING OF CREDITORS, AND FIXING OF DATES
(Corporation/Partnership Case)

**Case Number:   96-51292 jfs**
Date Filed (or Converted) :   2/16/96

IN RE(NAME OF DEBTOR)
George Transfer, Inc., 52-0325720

ADDRESS OF DEBTOR
I-83 at Route 439
PO Box 500
Parkton, MD  21120

NAME/ADDRESS OF ATTORNEY FOR DEBTOR
Kenneth Oestreicher
7 St. Paul St.,#1400
Baltimore, MD 21202

NAME/ADDRESS OF TRUSTEE

Telephone Number:410-347-8700
DATE/TIME/LOCATION OF MEETING OF CREDITORS
April 10, 1996 at 2:00 pm
Office of the US Trustee
300 W. Pratt, #375
Baltimore, MD  21201

[ X ] Corporation  [  ] Partnership
Filing Claims: Deadline to File a Proof of Claim is  07/09/96

COMMENCEMENT OF CASE.  A petition for reorganization under chapter 11 of the Bankruptcy Code has been filed in this court by or against the debtor named above, and an order for relief has been entered.  You will not receive notice of all documents filed in this case.  All documents filed with the court, including lists of the debtor's property and debts, are available for inspection at the office of the clerk of the bankruptcy court.

CREDITORS MAY NOT TAKE CERTAIN ACTIONS.  A creditor is anyone to whom the debtor owes money or property.  Under the Bankruptcy Code, the debtor is granted certain protection against creditors.  Common examples of prohibited actions by creditors are contacting the debtor to demand repayment, taking action against the debtor to collect money owed to creditors or to take property of the debtor, and starting or continuing foreclosure actions or repossessions.  If unauthorized actions are taken by a creditor against a debtor, the court may penalize that creditor.  A creditor who is considering taking action against the debtor or the property of the debtor should review Sec. 362 of the Bankruptcy Code and may wish to seek legal advice.  If the debtor is a partnership, remedies otherwise available against general partners are not necessarily affected by the commencement of this partnership case.  The staff of the clerk of the bankruptcy court is not permitted to give legal advice.

MEETING OF CREDITORS.  The debtor's representative, as specified in Bankruptcy Rule 9001 (5), is required to appear at the meeting of creditors on the date and at the place set forth above for the purpose of being examined under oath.  Attendance by creditors at the meeting is welcomed, but not required.  At the meeting, the creditors may examine the debtor and transact such other business as may properly come before the meeting.  The meeting may be continued or adjourned from time to time by notice at the meeting, without further written notice to the creditors.

PROOF OF CLAIM.  Schedules of creditors have been or will be filed pursuant to Bankruptcy Rule 1007.  Any creditor holding a scheduled claim which is not listed as disputed, contingent, or unliquidated as to amount may, but is not required to, file a proof of claim in this case.  Creditors whose claims are not scheduled, or whose claims are listed as disputed, contingent, or unliquidated as to amount and who desire to participate in the case or share in any distribution must file their proofs of claim.  A creditor who desires to rely on the schedule of creditors has the responsibility for determining that the claim is listed accurately.  The place to file a proof of claim, either in person or by mail, is the office of the clerk of the bankruptcy court.  Proof of claim forms are available in the clerk's office of any bankruptcy court.

PURPOSE OF CHAPTER 11 FILING.  Chapter 11 of the Bankruptcy Code enables a debtor to reorganize pursuant to a plan.  A plan is not effective unless approved by the court at a confirmation hearing.  Creditors will be given notice concerning any plan, or in the event the case is dismissed or converted to another chapter of the Bankruptcy Code.  The debtor will remain in possession of its property and will continue to operate any business unless a trustee is appointed.

For the Court:

Frank Monge
Clerk of the Bankruptcy Court

03/16/96
Date

FORM B9F  0001

116078210

Bancap 341 7/95 BNC

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

CIVIL DIVISION

| | |
|---|---|
| THELMA BAKORI, | CIVIL DIVISION - LAW |
| Plaintiff, | No. 1137 OF 1993 |
| -vs- | **COMPLAINT IN CIVIL ACTION** |
| CHARLES D. COOPER, an individual, ROBERT MCHUGH, an individual, and GEORGE TRANSFER, INC., | Filed on Behalf of Thelma Bakori, Plaintiff |
| Defendants. | Counsel of Record for this Party: |

Bradley M. Bassi, Esquire
Pa. I.D. 28843

Jeffrey T. Olup, Esquire
Pa. I.D. 47811

BASSI & ASSOCIATES, P.C.
Attorneys at Law
Firm No. 335
P.O. Box 144
111 Fallowfield Avenue
Charleroi, PA 15022
(412) 483-5502

**JURY TRIAL DEMANDED**

FILED IN PROTHONOTARY'S OFFICE    10-21-94
PROTHONOTARY
BY _____ Clerk

TRUE AND CORRECT COPY

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

CIVIL DIVISION

| | |
|---|---|
| THELMA BAKORI, | : |
| | : |
| Plaintiff, | : |
| | : |
| -vs- | :     No. 1137 of 1993 |
| | : |
| CHARLES D. COOPER, an individual, | :     **JURY TRIAL DEMANDED** |
| ROBERT McHUGH, an individual, and | : |
| GEORGE TRANSFER, INC., | : |
| | : |
| Defendant. | : |

## NOTICE

      You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served upon you, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court, without further notice, for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

      YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Westmoreland Bar Association
129 North Pennsylvania Avenue
Greensburg, PA  15601
Telephone Number: (412) 834-8490

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

CIVIL DIVISION

| | |
|---|---|
| THELMA BAKORI, | : |
| Plaintiff, | : |
| -vs- | : No. 1137 of 1993 |
| CHARLES D. COOPER, an individual, | : **JURY TRIAL DEMANDED** |
| ROBERT McHUGH, an individual, and | : |
| GEORGE TRANSFER, INC., | : |
| Defendant. | : |

## PRAECIPE FOR APPEARANCE

TO THE PROTHONOTARY:

Please enter our appearance on behalf of the Plaintiff, Thelma Bakori in the above captioned matter.

RESPECTFULLY SUBMITTED,

BASSI & ASSOCIATES, P.C.

By: _____
Bradley M. Bassi

By: _____
Jeffrey T. Olup
Counsel for Plaintiff

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

CIVIL DIVISION

THELMA BAKORI,

          Plaintiff,

    -vs-

CHARLES D. COOPER, an individual,
ROBERT McHUGH, an individual, and
GEORGE TRANSFER, INC.,

          Defendant.

No. 1137 of 1993

JURY TRIAL DEMANDED

## COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, Thelma Bakori, by and through her counsel, the law firm of Bassi & Associates, P.C. and sets forth the following in support of her Complaint in Civil Action:

### COUNT I

Thelma Bakori, Plaintiff
vs.
Charles D. Cooper, Robert McHugh
and George Transfer, Inc., Defendants

1.        Plaintiff, Thelma Mae Bakori, is an adult individual with a residence address of 433 Fourth Street, Monongahela, Pennsylvania 15063.

2.        Defendant, Robert McHugh, is an adult individual with a residence address of Laurel Woods Nursing Home, 100 Woodmart Road, Johnstown, Pennsylvania 15905.

3.          Defendant, Charles D. Cooper is an adult individual with a residence address of 3745 Grant Street, Weirton, West Virginia 26062.

4.          Defendant, George Transfer, Inc. is a Maryland corporation, and is authorized to do business within the Commonwealth of Pennsylvania, maintaining a regular place of business at State Route 51, Belle Vernon, Westmoreland County, Pennsylvania 15012.

5.          At all times relevant to Plaintiff's cause of action, Defendant Cooper was an agent, servant or employee of Defendant, George Transfer, Inc., and at all times relevant hereto acted either in his individual capacity, or as agent, servant or employee of Defendant, George Transfer, Inc.

6.          On or about December 26, 1991, at approximately 6:30 p.m., Plaintiff, Thelma Bakori was a front seat passenger in a 1990 Plymouth Acclaim then owned and operated by the Defendant, Robert McHugh, and was travelling north along State Route 51 in the municipality of Rostraver Township, Westmoreland County, Pennsylvania.

7.          On the date and time aforementioned, Defendant, Charles Cooper, acting either individually or as an agent, servant and/or employee of Defendant, George Transfer, Inc.

was operating a 1990 White Tractor Truck and Transcraft Spread Flatbed trailer, then owned by Defendant, George Transfer, Inc., across the northbound lanes of Route 51 in the municipality of Rostraver Township, Westmoreland County, Pennsylvania, when Defendant Charles Cooper drove the truck and trailer into a stopped position where the trailer entirely blocked both northbound lanes of Route 51, and directly into the path of travel of northbound traffic, including the vehicle operated by Defendant, Robert McHugh, thereby causing a collision between Defendant McHugh and Defendant Cooper, where Defendant McHugh's vehicle struck the left side of the trailer blocking Defendant McHugh's lane of travel. Plaintiff, Thelma Bakori was caused to be thrown in and about the vehicle operated by Defendant, McHugh, and in which she was a passenger, and to sustain serious injuries and damages as hereinafter set forth.

8.          All of the resulting losses, damages and injuries sustained by the Plaintiff, Thelma Bakori, were the direct and proximate result of the carelessness, recklessness and negligence of the Defendants, Robert McHugh, George Transfer, Inc., by and through its agents, servants, or employees, and Charles D. Cooper, acting either in his individual capacity, or as an agent, servant or employee of Defendant, George Transfer, Inc., in the following particulars:

(A)   As to Defendant, Robert McHugh:

   (i)   in not watching or looking where his vehicle was being operated;

  (ii)   in failing to watch the road in front of his vehicle;

 (iii)   in failing to have his vehicle under proper control;

  (iv)   in operating his vehicle in such a reckless, careless, wanton and negligent manner so as to cause or allow the same to run, strike and collide with Defendant Cooper's vehicle;

   (v)   in failing to stop, turn aside his vehicle, or take other appropriate action so that the collision between his vehicle and the Defendant Cooper's vehicle would be avoided;

  (vi)   in operating his vehicle in a careless, reckless, wanton and negligent manner;

 (vii)   in operating his vehicle in violation of the Pennsylvania Motor Vehicle Code and the Regulations enacted thereunder, in such cases as made and provided.

(B)   As to Defendant, Charles D. Cooper, either individually, or in his capacity as agent, servant or employee of Defendant, George Transfer, Inc.:

   (i)   in completely blocking the northbound lanes of travel of Route 51;

  (ii)   in creating a hazardous condition on the roadway;

 (iii)   in operating his vehicle in violation of the Pennsylvania Motor Vehicle Code and the Regulations enacted thereunder, in such cases as made and provided;

  (iv)   in failing to watch or look for other vehicles proceeding northbound along Route 51 as Defendant Cooper attempted to cross the roadway;

     (v)  in failing to yield to vehicular traffic proceeding northbound along Route 51;

     (vi)  in failing to ascertain or determine that his vehicle's trailer lights were not illuminated or not in good working order before proceeding out onto the highway;

     (vii)  in failing to adequately inspect the trailer lights prior to proceeding onto the highway;

     (viii)  in failing to turn on the trailer lights prior to proceeding onto the highway.

(C)  As to Defendant, George Transfer, Inc., by and through its agents, servants and employees:

     (i)  in failing to ascertain or determine that the vehicle's trailer lights were not illuminated or not in good working order prior to operation of the vehicle by Defendant Cooper;

     (ii)  in failing to make such adequate inspection to ascertain whether the trailer lights were not illuminated or not in good working order prior to operation of the vehicle by Defendant Cooper;

     (iii)  in creating a reasonably foreseeable risk of injury to others in failing to ascertain whether the trailer lights were not illuminated or not in good working order when the vehicle was known to be later operated in vehicle traffic;

     (iv)  in violating the Pennsylvania Motor Vehicle Code and the Regulations enacted thereunder, in such cases as made and provided.

     (v)  in failing to properly instruct its drivers, agents and employees in the proper method of entering roadways;

     (vi)  in negligently hiring Defendant Charles D. Cooper;

    (vii) in not installing proper and adequate illumination in the area of its entrance and exit onto Route 51;

    (viii) in knowingly and consciously permitting a hazard to exist by having its trucks block Route 51.

9.      This accident resulted from and was caused solely by the carelessness, recklessness, and negligence of the Defendants, Robert McHugh, George Transfer, Inc., by and through its agents, servants and/or employees, and Charles Cooper, acting either individually or in his capacity as agent, servant or employee of Defendant, George Transfer, Inc. and was due in no manner to the actions or failure to act on the part of the Plaintiff, Thelma Mae Bakori.

10.      As a direct and proximate result of the aforementioned carelessness, recklessness and negligence of the Defendants, Robert McHugh, George Transfer, Inc., by and through its agents, servants or employees, and Charles Cooper, acting either individually, or in his capacity as agent, servant or employee of Defendant, George Transfer, Inc., the Plaintiff Thelma Mae Bakori was caused to suffer serious and permanent injuries, which include, but are not limited to:

    (a) severe open fracture dislocations of the right ankle and calcaneus;

    (b) extensive vascular damage to the right foot;

    (c) bimalleolar ankle fracture;

(d)   talar dislocation;

(e)   fracture of the calcaneus;

(f)   injury to the plantar nerves;

(g)   grade III open wound, medially;

(h)   right below knee amputation;

(i)   multiple facial lacerations.

11.      As a further result of this accident, Plaintiff, Thelma Mae Bakori has undergone in the past and will in the future continue to undergo physical and mental anguish and pain, suffering and inconvenience.

12.      As a further result of her injuries, Plaintiff, Thelma Mae Bakori has sustained, and will sustain a permanent diminution in the ability to enjoy life and life's pleasures.

13.      As a further result of her injuries, Plaintiff, Thelma Mae Bakori, has sustained, or may in the future sustain a loss of wages and/or a diminished earning capacity.

14.      As a further result of her injuries, Plaintiff, Thelma Mae Bakori, has sustained, or may in the future sustain, medical, hospital, physical therapy, medical appliance, prescription, and/or chiropractic expenses.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment against the Defendants, Charles D. Cooper, Robert McHugh, and George Transfer, Inc. both jointly, and severally, in an amount exceeding $30,000 and in excess of the amount required for compulsory, judicial arbitration in Westmoreland County.

**COUNT II**

**Thelma Bakori, Plaintiff**
**vs. George Transfer, Inc. and**
**Charles D. Cooper, Defendants**

15.        Paragraphs 1 through 14 of the foregoing Complaint are incorporated by reference herein as though set forth in full.

16.        The negligence, carelessness, recklessness and wantonness of the Defendants, George Transfer, Inc., by and through its agents, servants, or employees, and Charles D. Cooper, acting either in his individual capacity, or as an agent, servant, or employee of Defendant, George Transfer, Inc. evidences a total disregard for the life, health and safety of the Plaintiff, Thelma Bakori, constitutes a reckless disregard for Plaintiff's person, and further constitutes unconscionable, willful and wanton misconduct on the part of the Defendants in the following particulars:

(A) As to Defendant, George Transfer, Inc., by and through its agents, servants and employees:

(i) in failing to ascertain or determine that the vehicle's trailer lights were not illuminated or not in good working order prior to operation of the vehicle by Defendant Cooper;

(ii) in failing to make such adequate inspection to ascertain whether the trailer lights were not illuminated or not in good working order prior to operation of the vehicle by Defendant Cooper;

(iii) in creating a reasonably foreseeable risk of injury to others in failing to ascertain whether the trailer lights were not illuminated or not in good working order when the vehicle was known to be later operated in vehicle traffic;

(iv) in failing to properly instruct its drivers, agents and employees in the proper method of entering roadways;

(v) in negligently hiring Defendant Charles D. Cooper;

(vi) in not installing proper and adequate illumination in the area of its entrance and exit onto Route 51;

(vii) in knowingly and consciously permitting a hazard to exist by having its trucks block Route 51.

(B) As to Defendant, Charles D. Cooper, either individually, or in his capacity as agent, servant or employee of Defendant, George Transfer, Inc.:

(i) in completely blocking the northbound lanes of travel of Route 51;

(ii) in creating a hazardous condition on the roadway;

(iii) in failing to watch or look for other vehicles proceeding northbound along Route 51 as Defendant Cooper attempted to cross the roadway;

(iv) in failing to yield to vehicular traffic proceeding northbound along Route 51;

(v) in failing to ascertain or determine that his vehicle's trailer lights were not illuminated or not in good working order before proceeding out onto the highway;

(vi) in failing to adequately inspect the trailer lights prior to proceeding onto the highway;

(vii) in failing to turn on the trailer lights prior to proceeding onto the highway.

17.        The total disregard of the Defendants, George Transfer, Inc. and Charles D. Cooper, for the life, health and safety of the Plaintiff, Thelma Bakori is of such an extent and degree as to shock the conscience, constitutes willful and wanton misconduct on their parts, and a total and reckless disregard for the person of the Plaintiff, and is sufficient to give rise to and does warrant and entitle the Plaintiff to an award of punitive damages against the Defendants, George Transfer, Inc. and Charles D. Cooper.

WHEREFORE, Plaintiff demands punitive damages and an award of judgment therefor against the Defendants George Transfer, Inc., and Charles D. Cooper in an amount exceeding $30,000 and in

excess of the amount required for compulsory, judicial arbitration
in Westmoreland County.

RESPECTFULLY SUBMITTED,

BASSI & ASSOCIATES, P.C.

**JURY TRIAL DEMANDED**

By: _____
Bradley M. Bassi

By: _____
Jeffrey T. Olup
Counsel for Plaintiff,
Thelma Bakori

## VERIFICATION

I verify that the statements made in this Complaint in Civil Action are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

Dated:    October 19, 1994          _Thelma Bakori_
                                     THELMA BAKORI

CMECF-SearchClaims.pl                                                          Page 1 of 1

| Creditor:        (1363265)<br>Thelma Bakori<br>Jeffrey T. Olup<br>Bassi & Associates<br>P O Box 144<br>Charleroi, PA 15022 | Claim No: 87<br>Original Filed<br>Date: 03/29/1996<br>Original Entered<br>Date: 03/29/1996 | Status:<br>Filed by: CR<br>Entered by:<br>Modified: 04/04/1996 |
|---|---|---|

| Amount | claimed: | $500000.00 | |
|---|---|---|---|
| Secured | claimed: | $0.00 | |
| Priority | claimed: | $0.00 | |
| Unknown | claimed: | $0.00 | |
| Unsecured | claimed: | $500000.00 | |

History:

| Details | ⊙ | 87-1 | 03/29/1996 | Claim #87 filed by Thelma Bakori, Amount claimed: $500000.00 |
|---|---|---|---|---|

Description:

Remarks: (87-1) Converted from BANCAP.

B10 (Official Form 10)
(Rev. 12/92)

## United States Bankruptcy Court
### District of Maryland (Baltimore)

## PROOF OF CLAIM

| In re (Name of Debtor) | Case Number 96-51292-JS-11 |
| George Transfer, Inc. | |
| | Cred.Id: 1363265 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor**
*(The person or other entity to whom the debtor owes money or property)*
**Thelma Bakori**

**Name and Address Where Notices Should be Sent**

Thelma Bakori
Jeffrey T. Olup
Basal & Associates
P O Box 144
Charleroi, PA 15022

Telephone No. (412) 483-5552 (Bassi and Assoc.)

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR

Check here if this claim  ☐ replaces  ☐ amends  a previously filed claim, dated:____

**1. BASIS FOR CLAIM**

☐ Goods sold
☐ Services performed
☐ Money loaned
☒ Personal injury/wrongful death
☐ Taxes
☐ Other (Describe briefly)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)
Your social security number _____
Unpaid compensation for services performed
from_____ to _____
(date)    (date)

| 2. DATE DEBT WAS INCURRED | 3. IF COURT JUDGMENT, DATE OBTAINED: |
| Accident Date: December 26, 1991 | No judgment obtained |

**4. CLASSIFICATION OF CLAIM.** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF CLAIM AT TIME CASE FILED.

☐ SECURED CLAIM $_____
Attach evidence of perfection of security interest
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other (Describe briefly)

Amount of arrearage and other charges at time case filed included in secured claim above, if any $_____

☒ UNSECURED NONPRIORITY CLAIM $ 500,000
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM $_____

Specify the priority of the claim.
☐ Wages, salaries, or commissions (up to $4000),* earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier—11 U.S.C. § 507(a)(3)
☐ Contributions to an employee benefit plan—11 U.S.C. § 507(a)(4)
☐ Up to $1,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use—11 U.S.C. § 507(a)(6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child—11 U.S.C. § 507(a)(7)
☐ Taxes or penalties of governmental units—11 U.S.C. § 507(a)(8)
☐ Other—Specify applicable paragraph of 11 U.S.C. § 507(a)_____
*Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after date of adjustment.

**5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED:**
$ 500,000 (Unsecured)  $_____ (Secured)  $_____ (Priority)  $ 500,000 (Total)

☐ Check this box if claim includes charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**6. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

THIS SPACE IS FOR COURT USE ONLY

**7. SUPPORTING DOCUMENTS:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. TIME-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

MAR 29 1996

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
| 3/26/96 | Jeffrey T. Olup, Attorney at Law |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

116101116

**UNITED STATES BANKRUPTCY COURT**
**District of Maryland (Baltimore)**

Baltimore Division101 W. Lombard StreetSuite 919Baltimore, MD 21201

**NOTICE OF COMMENCEMENT OF CASE UNDER CHAPTER 11**
**OF THE BANKRUPTCY CODE,**
**MEETING OF CREDITORS, AND FIXING OF DATES**
(Corporation/Partnership Case)

**Case Number:   96-51292 jfs**
Date Filed (or Converted) :  2/16/96

IN RE(NAME OF DEBTOR)
George Transfer, Inc., 52-0325720

**ADDRESS OF DEBTOR**
I-83 at Route 439
PO Box 500
Parkton, MD 21120

**NAME/ADDRESS OF ATTORNEY FOR DEBTOR**
Kenneth Oestreicher
7 St. Paul St., #1400
Baltimore, MD 21202

**NAME/ADDRESS OF TRUSTEE**

Telephone Number:410-347-8700
**DATE/TIME/LOCATION OF MEETING OF CREDITORS**
April 10, 1996 at 2:00 pm
Office of the US Trustee
300 W. Pratt, #375
Baltimore, MD 21201

[ X ] Corporation  [  ] Partnership
Filing Claims: Deadline to File a Proof of Claim is  07/09/96

**COMMENCEMENT OF CASE.**  A petition for reorganization under chapter 11 of the Bankruptcy Code has been filed in this court by or against the debtor named above, and an order for relief has been entered.  You will not receive notice of all documents filed in this case.  All documents filed with the court, including lists of the debtor's property and debts, are available for inspection at the office of the clerk of the bankruptcy court.

**CREDITORS MAY NOT TAKE CERTAIN ACTIONS.**  A creditor is anyone to whom the debtor owes money or property.  Under the Bankruptcy Code, the debtor is granted certain protection against creditors.  Common examples of prohibited actions by creditors are contacting the debtor to demand repayment, taking action against the debtor to collect money owed to creditors or to take property of the debtor, and starting or continuing foreclosure actions or repossessions.  If unauthorized actions are taken by a creditor against a debtor, the court may penalize that creditor.  A creditor who is considering taking action against the debtor or the property of the debtor should review Sec. 362 of the Bankruptcy Code and may wish to seek legal advice.  If the debtor is a partnership, remedies otherwise available against general partners are not necessarily affected by the commencement of this partnership case.  The staff of the clerk of the bankruptcy court is not permitted to give legal advice.

**MEETING OF CREDITORS.**  The debtor's representative, as specified in Bankruptcy Rule 9001 (5), is required to appear at the meeting of creditors on the date and at the place set forth above for the purpose of being examined under oath.  Attendance by creditors at the meeting is welcomed, but not required.  At the meeting, the creditors may examine the debtor and transact such other business as may properly come before the meeting.  The meeting may be continued or adjourned from time to time by notice at the meeting, without further written notice to the creditors.

**PROOF OF CLAIM.**  Schedules of creditors have been or will be filed pursuant to Bankruptcy Rule 1007.  Any creditor holding a scheduled claim which is not listed as disputed, contingent, or unliquidated as to amount may, but is not required to, file a proof of claim in this case.  Creditors whose claims are not scheduled or whose claims are listed as disputed, contingent, or unliquidated as to amount and who desire to participate in the case or share in any distribution must file their proofs of claim.  A creditor who desires to rely on the schedule of creditors has the responsibility for determining that the claim is listed accurately.  The place to file a proof of claim, either in person or by mail, is the office of the clerk of the bankruptcy court.  Proof of claim forms are available in the clerk's office of any bankruptcy court.

**PURPOSE OF CHAPTER 11 FILING.**  Chapter 11 of the Bankruptcy Code enables a debtor to reorganize pursuant to a plan.  A plan is not effective unless approved by the court at a confirmation hearing.  Creditors will be given notice concerning any plan, or in the event the case is dismissed or converted to another chapter of the Bankruptcy Code.  The debtor will remain in possession of its property and will continue to operate any business unless a trustee is appointed.

For the Court:          Frank Monge
                        Clerk of the Bankruptcy Court

03/16/96
Date

FORM B9F   0001

116078210

Bancap 341 7/95 BNC

F:BAKORI.COM:JTO/als
9/14/94

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

CIVIL DIVISION

THELMA BAKORI,

           Plaintiff,

     -vs-

CHARLES D. COOPER, an individual,
ROBERT MCHUGH, an individual,
and GEORGE TRANSFER, INC.,

         Defendants.

CIVIL DIVISION - LAW

No. 1137 OF 1993

**COMPLAINT IN CIVIL ACTION**

Filed on Behalf of
Thelma Bakori,
Plaintiff

Counsel of Record for
this Party:

Bradley M. Bassi, Esquire
Pa. I.D. 28843

Jeffrey T. Olup, Esquire
Pa. I.D. 47811

BASSI & ASSOCIATES, P.C.
Attorneys at Law
Firm No. 335
P.O. Box 144
111 Fallowfield Avenue
Charleroi, PA   15022
(412) 483-5502

**JURY TRIAL DEMANDED**

FILED IN PROTHONOTARY'S OFFICE _10-21-94_
PROTHONOTARY
BY _____ Clerk

TRUE AND CORRECT COPY

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

CIVIL DIVISION

THELMA BAKORI,

            Plaintiff,

    -vs-                      No. 1137 of 1993

CHARLES D. COOPER, an individual,    **JURY TRIAL DEMANDED**
ROBERT McHUGH, an individual, and
GEORGE TRANSFER, INC.,

            Defendant.

## NOTICE

        You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served upon you, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court, without further notice, for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

        YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

                Westmoreland Bar Association
              129 North Pennsylvania Avenue
                 Greensburg, PA  15601
             Telephone Number: (412) 834-8490

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

CIVIL DIVISION

THELMA BAKORI,

        Plaintiff,

    -vs-

CHARLES D. COOPER, an individual,
ROBERT McHUGH, an individual, and
GEORGE TRANSFER, INC.,

        Defendant.

No. 1137 of 1993

JURY TRIAL DEMANDED

### PRAECIPE FOR APPEARANCE

TO THE PROTHONOTARY:

    Please enter our appearance on behalf of the Plaintiff, Thelma Bakori in the above captioned matter.

RESPECTFULLY SUBMITTED,

BASSI & ASSOCIATES, P.C.

By: _____
    Bradley M. Bassi

By: _____
    Jeffrey T. Olup
    Counsel for Plaintiff

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

CIVIL DIVISION

THELMA BAKORI,

                Plaintiff,

    -vs-

CHARLES D. COOPER, an individual,
ROBERT McHUGH, an individual, and
GEORGE TRANSFER, INC.,

              Defendant.

No. 1137 of 1993

JURY TRIAL DEMANDED

## COMPLAINT IN CIVIL ACTION

      AND NOW, comes the Plaintiff, Thelma Bakori, by and through her counsel, the law firm of Bassi & Associates, P.C. and sets forth the following in support of her Complaint in Civil Action:

### COUNT I

Thelma Bakori, Plaintiff
vs.
Charles D. Cooper, Robert McHugh
and George Transfer, Inc., Defendants

      1.         Plaintiff, Thelma Mae Bakori, is an adult individual with a residence address of 433 Fourth Street, Monongahela, Pennsylvania 15063.

      2.         Defendant, Robert McHugh, is an adult individual with a residence address of Laurel Woods Nursing Home, 100 Woodmart Road, Johnstown, Pennsylvania 15905.

3.          Defendant, Charles D. Cooper is an adult individual with a residence address of 3745 Grant Street, Weirton, West Virginia 26062.

4.          Defendant, George Transfer, Inc. is a Maryland corporation, and is authorized to do business within the Commonwealth of Pennsylvania, maintaining a regular place of business at State Route 51, Belle Vernon, Westmoreland County, Pennsylvania 15012.

5.          At all times relevant to Plaintiff's cause of action, Defendant Cooper was an agent, servant or employee of Defendant, George Transfer, Inc., and at all times relevant hereto acted either in his individual capacity, or as agent, servant or employee of Defendant, George Transfer, Inc.

6.          On or about December 26, 1991, at approximately 6:30 p.m., Plaintiff, Thelma Bakori was a front seat passenger in a 1990 Plymouth Acclaim then owned and operated by the Defendant, Robert McHugh, and was travelling north along State Route 51 in the municipality of Rostraver Township, Westmoreland County, Pennsylvania.

7.          On the date and time aforementioned, Defendant, Charles Cooper, acting either individually or as an agent, servant and/or employee of Defendant, George Transfer, Inc.

was operating a 1990 White Tractor Truck and Transcraft Spread Flatbed trailer, then owned by Defendant, George Transfer, Inc., across the northbound lanes of Route 51 in the municipality of Rostraver Township, Westmoreland County, Pennsylvania, when Defendant Charles Cooper drove the truck and trailer into a stopped position where the trailer entirely blocked both northbound lanes of Route 51, and directly into the path of travel of northbound traffic, including the vehicle operated by Defendant, Robert McHugh, thereby causing a collision between Defendant McHugh and Defendant Cooper, where Defendant McHugh's vehicle struck the left side of the trailer blocking Defendant McHugh's lane of travel. Plaintiff, Thelma Bakori was caused to be thrown in and about the vehicle operated by Defendant, McHugh, and in which she was a passenger, and to sustain serious injuries and damages as hereinafter set forth.

8.      All of the resulting losses, damages and injuries sustained by the Plaintiff, Thelma Bakori, were the direct and proximate result of the carelessness, recklessness and negligence of the Defendants, Robert McHugh, George Transfer, Inc., by and through its agents, servants, or employees, and Charles D. Cooper, acting either in his individual capacity, or as an agent, servant or employee of Defendant, George Transfer, Inc., in the following particulars:

(A)   As to Defendant, Robert McHugh:

    (i)   in not watching or looking where his vehicle was being operated;

    (ii)  in failing to watch the road in front of his vehicle;

    (iii) in failing to have his vehicle under proper control;

    (iv)  in operating his vehicle in such a reckless, careless, wanton and negligent manner so as to cause or allow the same to run, strike and collide with Defendant Cooper's vehicle;

    (v)   in failing to stop, turn aside his vehicle, or take other appropriate action so that the collision between his vehicle and the Defendant Cooper's vehicle would be avoided;

    (vi)  in operating his vehicle in a careless, reckless, wanton and negligent manner;

    (vii) in operating his vehicle in violation of the Pennsylvania Motor Vehicle Code and the Regulations enacted thereunder, in such cases as made and provided.

(B)   As to Defendant, Charles D. Cooper, either individually, or in his capacity as agent, servant or employee of Defendant, George Transfer, Inc.:

    (i)   in completely blocking the northbound lanes of travel of Route 51;

    (ii)  in creating a hazardous condition on the roadway;

    (iii) in operating his vehicle in violation of the Pennsylvania Motor Vehicle Code and the Regulations enacted thereunder, in such cases as made and provided;

    (iv)  in failing to watch or look for other vehicles proceeding northbound along Route 51 as Defendant Cooper attempted to cross the roadway;

(v)   in failing to yield to vehicular traffic
proceeding northbound along Route 51;

(vi)  in failing to ascertain or determine that his
vehicle's trailer lights were not illuminated
or not in good working order before proceeding
out onto the highway;

(vii) in failing to adequately inspect the trailer
lights prior to proceeding onto the highway;

(viii) in failing to turn on the trailer lights prior
to proceeding onto the highway.

(C)  As to Defendant, George Transfer, Inc., by and
through its agents, servants and employees:

(i)   in failing to ascertain or determine that the
vehicle's trailer lights were not illuminated
or not in good working order prior to
operation of the vehicle by Defendant Cooper;

(ii)  in failing to make such adequate inspection to
ascertain whether the trailer lights were not
illuminated or not in good working order prior
to operation of the vehicle by Defendant
Cooper;

(iii) in creating a reasonably foreseeable risk of
injury to others in failing to ascertain
whether the trailer lights were not
illuminated or not in good working order when
the vehicle was known to be later operated in
vehicle traffic;

(iv)  in violating the Pennsylvania Motor Vehicle
Code and the Regulations enacted thereunder,
in such cases as made and provided.

(v)   in failing to properly instruct its drivers,
agents and employees in the proper method of
entering roadways;

(vi)  in negligently hiring Defendant Charles D.
Cooper;

(vii) in not installing proper and adequate illumination in the area of its entrance and exit onto Route 51;

(viii) in knowingly and consciously permitting a hazard to exist by having its trucks block Route 51.

9.　　　　　　This accident resulted from and was caused solely by the carelessness, recklessness, and negligence of the Defendants, Robert McHugh, George Transfer, Inc., by and through its agents, servants and/or employees, and Charles Cooper, acting either individually or in his capacity as agent, servant or employee of Defendant, George Transfer, Inc. and was due in no manner to the actions or failure to act on the part of the Plaintiff, Thelma Mae Bakori.

10.　　　　　　As a direct and proximate result of the aforementioned carelessness, recklessness and negligence of the Defendants, Robert McHugh, George Transfer, Inc., by and through its agents, servants or employees, and Charles Cooper, acting either individually, or in his capacity as agent, servant or employee of Defendant, George Transfer, Inc., the Plaintiff Thelma Mae Bakori was caused to suffer serious and permanent injuries, which include, but are not limited to:

(a) severe open fracture dislocations of the right ankle and calcaneus;

(b) extensive vascular damage to the right foot;

(c) bimalleolar ankle fracture;

(d)   talar dislocation;

(e)   fracture of the calcaneus;

(f)   injury to the plantar nerves;

(g)   grade III open wound, medially;

(h)   right below knee amputation;

(i)   multiple facial lacerations.


11.          As a further result of this accident, Plaintiff, Thelma Mae Bakori has undergone in the past and will in the future continue to undergo physical and mental anguish and pain, suffering and inconvenience.


12.          As a further result of her injuries, Plaintiff, Thelma Mae Bakori has sustained, and will sustain a permanent diminution in the ability to enjoy life and life's pleasures.


13.          As a further result of her injuries, Plaintiff, Thelma Mae Bakori, has sustained, or may in the future sustain a loss of wages and/or a diminished earning capacity.


14.          As a further result of her injuries, Plaintiff, Thelma Mae Bakori, has sustained, or may in the future sustain, medical, hospital, physical therapy, medical appliance, prescription, and/or chiropractic expenses.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment against the Defendants, Charles D. Cooper, Robert McHugh, and George Transfer, Inc. both jointly, and severally, in an amount exceeding $30,000 and in excess of the amount required for compulsory, judicial arbitration in Westmoreland County.

### COUNT II

#### Thelma Bakori, Plaintiff
#### vs. George Transfer, Inc. and
#### Charles D. Cooper, Defendants

15.       Paragraphs 1 through 14 of the foregoing Complaint are incorporated by reference herein as though set forth in full.

16.       The negligence, carelessness, recklessness and wantonness of the Defendants, George Transfer, Inc., by and through its agents, servants, or employees, and Charles D. Cooper, acting either in his individual capacity, or as an agent, servant, or employee of Defendant, George Transfer, Inc. evidences a total disregard for the life, health and safety of the Plaintiff, Thelma Bakori, constitutes a reckless disregard for Plaintiff's person, and further constitutes unconscionable, willful and wanton misconduct on the part of the Defendants in the following particulars:

(A) As to Defendant, George Transfer, Inc., by and through its agents, servants and employees:

(i)   in failing to ascertain or determine that the vehicle's trailer lights were not illuminated or not in good working order prior to operation of the vehicle by Defendant Cooper;

(ii)  in failing to make such adequate inspection to ascertain whether the trailer lights were not illuminated or not in good working order prior to operation of the vehicle by Defendant Cooper;

(iii) in creating a reasonably foreseeable risk of injury to others in failing to ascertain whether the trailer lights were not illuminated or not in good working order when the vehicle was known to be later operated in vehicle traffic;

(iv) in failing to properly instruct its drivers, agents and employees in the proper method of entering roadways;

(v)  in negligently hiring Defendant Charles D. Cooper;

(vi) in not installing proper and adequate illumination in the area of its entrance and exit onto Route 51;

(vii) in knowingly and consciously permitting a hazard to exist by having its trucks block Route 51.


(B)  As to Defendant, Charles D. Cooper, either individually, or in his capacity as agent, servant or employee of Defendant, George Transfer, Inc.:

(i)  in completely blocking the northbound lanes of travel of Route 51;

(ii) in creating a hazardous condition on the roadway;

(iii)  in failing to watch or look for other vehicles proceeding northbound along Route 51 as Defendant Cooper attempted to cross the roadway;

(iv)  in failing to yield to vehicular traffic proceeding northbound along Route 51;

(v)  in failing to ascertain or determine that his vehicle's trailer lights were not illuminated or not in good working order before proceeding out onto the highway;

(vi)  in failing to adequately inspect the trailer lights prior to proceeding onto the highway;

(vii)  in failing to turn on the trailer lights prior to proceeding onto the highway.

17.        The total disregard of the Defendants, George Transfer, Inc. and Charles D. Cooper, for the life, health and safety of the Plaintiff, Thelma Bakori is of such an extent and degree as to shock the conscience, constitutes willful and wanton misconduct on their parts, and a total and reckless disregard for the person of the Plaintiff, and is sufficient to give rise to and does warrant and entitle the Plaintiff to an award of punitive damages against the Defendants, George Transfer, Inc. and Charles D. Cooper.

WHEREFORE, Plaintiff demands punitive damages and an award of judgment therefor against the Defendants George Transfer, Inc., and Charles D. Cooper in an amount exceeding $30,000 and in

excess of the amount required for compulsory, judicial arbitration in Westmoreland County.

RESPECTFULLY SUBMITTED,

BASSI & ASSOCIATES, P.C.

**JURY TRIAL DEMANDED**

By: _____
    Bradley M. Bassi

By: _____
    Jeffrey T. Olup
    Counsel for Plaintiff,
    Thelma Bakori

## VERIFICATION

I verify that the statements made in this Complaint in Civil Action are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

Dated:    October 19, 1994

Thelma Bakori
THELMA BAKORI

CMECF-ClaimHistory.pl

**Claim History**

## Detailed Description of Claim Activity 87-1

-------------------------------------------------------------------------------------------------------------------

| Date of Change | Change Made by | Description of Change |
|---|---|---|
| 03/29/1996 | | Created *Amount Claimed:* $500000.00<br>Created *Unsecured Claimed Amount:* $500000.00<br>Created *Secured Claimed Amount:* $0.00    Created *Admin Allowed Amount:* $0.00<br>Created *Priority Claimed Amount:* $0.00<br>Created *Unknown Claimed Amount:* $0.00<br><br>Created *Filed By:* Creditor<br>Created *Date Filed:* 03/29/1996<br><br>Created *Remarks:* Converted from BANCAP. |



# BASSI, VREELAND & ASSOCIATES, P.C.
## ——— Attorneys at Law ———

Melvin B. Bassi
1926 - 2007

Bradley M. Bassi
Keith A. Bassi
Thomas O. Vreeland

January 16, 2014

2014 JAN 22    11: 1
U.S.
DISTRICT OF

Jeffrey T. Olup
Judith H. Veres
Michael J. Lucas
John I. Nubani
Seth A. Tongchinsub

_Via certified mail, return receipt requested_
FINANCIAL ADMINISTRATOR
CLERK'S OFFICE
US BANKRUPTCY COURT
101 W LOMBARD ST
BALTIMORE  MD  21201

**IN RE:**      **George Transfer, Inc.**
              **Case No. 96-5-1292 (JS)**

Dear Financial Administrator:

Please note that I am the attorney of record for the Claimant, Thelma Bakori.

I recently received notification from the Liquidating Trustee that funds for Ms. Bakori were to be deposited into the Court's Registry.

We request that the Proposed Distribution of $23,077.08 be released to Ms. Bakori and me relative to Claim No. BMS 87.

Accordingly, the Financial Administrator will find the enclosed:

> Original Motion to Withdraw Unclaimed Funds from the Court Registry;
> Original Certificate of Service (Notarized);
> Original Affidavit in Support of Motion to Withdraw Unclaimed Funds from the Court Registry (Notarized), also bearing Ms. Bakori's social security number;
> A copy of my 2013-2014 Pennsylvania Attorney's License;
> Copy of January 7, 2014, Notice and referenced Order relative to my client's funds deposited into the Court Registry;
> Copy of my Proof of Claim submitted on behalf of Thelma Bakori, Claim 87-1, filed March 29, 1996 (17 pages).

I ask that the Financial Administrator's office review this documentation and forward same to the Bankruptcy Judge for disposition.

bmvlaw.com

111 Fallowfield Avenue • P.O. Box 144 • Charleroi, PA 15022 • (724) 483-5502 • Fax (724) 483-1629
☐ 62 East Wheeling Street • Washington, PA 15301 • (724) 228-7000 • Fax (724) 228-7266

Financial Administrator
**Re: George Transfer, Inc.**
January 16, 2014
Page 2

      If any additional information is required relative to this submission, I ask that the Financial Administrator's office call me directly at my Charleroi law office at **724-483-5502**.

                Very truly yours,

                Bassi, Vreeland & Associates, P.C.

JTO/dda                Jeffrey T. Olup
Enc.                   Attorney at Law

cc:    U.S. Attorney for District of MD (*via certified mail, return receipt requested* w/enc)
       Thelma Bakori (w/enc.)



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### Northern Division

ENTERED

APR 2 3 1998

CLERK'S OFFICE
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE

| | | |
|---|---|---|
| In re: GEORGE TRANSFER, INC., | * | Case No:  96-5-1292-JS |
| | | Chapter 11 |
| Debtor. | * | |
| | | |
| In re: MACK BROTHERS, INCORPORATED, | * | Case No:  96-5-1293-JS |
| | | Chapter 11 |
| Debtor. | * | |
| | * | |
| In re: TRI-L TRANSPORT, INC., | | Case No:  96-5-1294-JS |
| | * | Chapter 11 |
| Debtor. | | |
| | * | **(Consolidated Under** |
| | | **Case No. 96-5-1292-JS)** |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*      \*    \*    \*    \*    \*

## ORDER APPROVING MOTION FOR AUTHORITY TO
## APPROVE SETTLEMENT WITH THELMA BAKORI

Upon consideration of the Liquidating Trustee of George Transfer, Inc., Mack Brothers,

Incorporated and Tri-L Transport, Inc.'s Motion for Authority to Approve Settlement with

Thelma Bakori (the "Motion"), no objections having been filed, and the Court finding that the

settlement with Thelma Bakori in the amount stated in the Motion is fair and reasonable and that

the settlement is in the best interests of creditors, it is this 22nd day of *April* , 1998,

ORDERED, that the Motion is granted and the settlement between the Liquidating

Trustee of George Transfer, Inc., Mack Brothers, Incorporated and Tri-L Transport, Inc. (the

"Trustee") and Thelma Bakori is approved, and it is further

ORDERED, that the Liquidating Trustee is authorized to execute any documents and take

any other action necessary to effectuate the settlement, and it is further



417, 418

