UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND

In re:

George Transfer, Inc.

Debtor(s)

Bankruptcy Case No: 96-51292
Chapter 11

MOTION TO WITHDRAW UNCLAIMED FUNDS
FROM THE COURT REGISTRY

Dilks & Knopik, LLC, hereinafter called Applicant, who is the Attorney-in-Fact for Marjorie L. Cleghorn, Claimant, and respectfully moves the Court to enter an Order to Withdraw Unclaimed Funds from the Court Registry that are owed to the Claimant. The Applicant states:

1. The trustee appointed by the Court in this case did deposit in the Court's Registry of Unclaimed Funds the amount of $4,615.42. The Claimant did not receive the funds because: The original dividend check was sent to a Marjorie L. Bollinger at 720 South High Street, Columbus, OH 43206-1044. That address is the address for the attorney who assisted with the filing of the Proof of Claim. Furthermore, Marjorie L. Bollinger is now known as Marjorie L. Cleghorn, as evidenced by Exhibit A.

2. To the best of my knowledge and belief, there is no dispute or controversy as to these funds, their availability or to whom they belong.

3. Marjorie L. Cleghorn has appointed Dilks & Knopik, LLC its Attorney-in-Fact for the collection of these funds. (Please see the attached Power of Attorney).

4. Applicant is aware of the state law requirements for being a personal representative.

5. Claimants current address and phone number are:

   Marjorie L. Cleghorn
   143 N. Pershing Dr
   Lancaster, OH 43130-1557
   740.422.8179
   Last four digits of SS#/Tax ID: xxx-xx-4354

FILED
2014 JUL 21 AM 11:41
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE

WHEREFORE, Applicant asks the Court to enter an order to the Clerk of the Court to release said funds to Claimant c/o Dilks & Knopik, LLC, 35308 SE Center St, Snoqualmie, WA 98065-9216.

Respectfully Submitted:

Brian J. Dilks, Managing Member
Dilks & Knopik, LLC
Attorney-in-Fact for
Marjorie L. Cleghorn
35308 SE Center St
Snoqualmie, WA 98065-9216
(425) 836-5728

On 7/14/2014 before me, Brian J. Dilks, personally appeared, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person (s) whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or entity upon behalf of which the person acted, executed the instrument. WITNESS my hand and official seal.

Andrew T. Drake, Notary Public
for the State of Washington, County of King
My Commission Expires: August 9, 2015

[Seal]

ANDREW T. DRAKE
COMMISSION EXPIRES
NOTARY PUBLIC
8-09-15
STATE OF WASHINGTON

FILED
2014 JUL 21

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND

In re:
George Transfer, Inc.
Debtor(s)

Bankruptcy Case No: 96-51292
Chapter 11

CERTIFICATE OF SERVICE

Notice is hereby given to the Court that on July 14, 2014 the US Attorney for the District of Maryland at 36 S. Charles Street, Baltimore, MD 21201, was advised via first class mail of the intent of the individual(s) or entity below (hereafter "Claimant") to request the withdrawal of funds from the Court's Registry of Unclaimed Funds.

Marjorie L. Cleghorn
143 N. Pershing Dr
Lancaster, OH 43130-1557

Respectfully Submitted:

Brian J. Dilks, Managing Member
Dilks & Knopik, LLC
35308 SE Center St
Snoqualmie, WA 98065-9216
(425) 836-5728
Attorney-in-Fact for
Marjorie L. Cleghorn

**SUBSCRIBED AND SWORN TO BEFORE ME** this 14th day of July, 2014, in the County of King, State of Washington

Signature of Notary Public
Date Commission Expires: August 9, 2015

ANDREW T. DRAKE
NOTARY PUBLIC
STATE OF WASHINGTON
COMMISSION EXPIRES 8-09-15

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MARYLAND**

RE: George Transfer, Inc.

Debtor(s)

Case: 96-51292

**AUTHORITY TO ACT**
**Limited Power of Attorney**
**LIMITED TO ONE TRANSACTION**

**USED ONLY TO COLLECT FUNDS FROM THE ABOVE REFERENCED CASE**

1. **Marjorie L. Cleghorn** ("CLIENT"), appoints **Dilks & Knopik, LLC** ("D&K"), as its lawful attorney in fact for the limited purpose of recovering, receiving and obtaining information pertaining to the outstanding tender of funds in the amount of **$4,615.42** (the "FUNDS"), including the right to collect on CLIENT's behalf any such funds that are held by a governmental agency or authority.

2. CLIENT grants to D&K the authority to do all things legally permissible and reasonably necessary to recover or obtain the FUNDS held by the governmental agency or authority. This limited authority includes the right to receive all communications from the governmental agency or authority and to deposit checks payable to CLIENT for distribution of the FUNDS to CLIENT, less the fee payable to D&K pursuant to and in accordance with its agreement with CLIENT.

3. D&K may not make any expenditure or incur any costs or fees on behalf of CLIENT without CLIENT's prior written consent.

4. This Authority to Act shall become effective on the below signed date and shall expire upon collection of the aforementioned FUNDS. I authorize the use of a photocopy of this Limited Power of Attorney in lieu of the original.

X Marjorie L. Cleghorn
**Marjorie L. Cleghorn**

7-8, 2014
**Date**

**Tax ID: XXX-XX-4354**

**ACKNOWLEDGMENT**

STATE OF Ohio )

COUNTY OF Fairfield )

On this 8th day of July, ______, before me, the undersigned Notary Public in and for the said County and State, personally appeared (name) Marjorie L. Cleghorn known to me to be the person described in and who executed the foregoing instrument, and who acknowledged to me that (circle one) he/she did so freely and voluntarily and for the uses and purposes therein mentioned.

WITNESS my hand and official seal.

NOTARY PUBLIC Sean P. Murnane

Residing at 1280 N Memorial Dr Lancaster, OH 43130

My Commission expires 02/01/2015

NOTARIAL SEAL STATE OF OHIO

SEAN P. MURNANE
Notary Public, State of Ohio
Commission expires 02-01-2015


Unclaimed Funds
Advanced
Search
View
Details
96-51292
GEORGE TRANSFER, INC.
Unpaid: $100476.40
Unallocated: $0.00
Unassociated: $0.00
Fund | Allocated | Paid | Unpaid
6047BK | $100,476.40 | $122,412.58 | $100,476.40
Fund | Credit | Debit | Reference | Voucher | Code | Receipted/Posted | Entered | Notes
6047BK | $217,095.03 | | 40097786 | | UC | 01/08/2014 | 01/15/2014
6047BK | $5,793.95 | | 40100428 | | UC | 05/30/2014 | 06/01/2014
(98) Claimants
Bollinger
Last Name: Bollinger
First: Marjorie
Middle: L.
Fund: 6047BK
Address: Frank L. Bollinger
City: Columbus
State: Ohio
Amount $ 4615.42
c/o John S. Bowers
Zip Code: 43206
Country: United States
Disbursed:
720 S. High Street
Comment:
39 - Next Voucher #
Void
Save Claimant
Cancel
Live
2014.11

*Powerful Insights. Proven Delivery.*




January 7, 2014

Clerk of the US Bankruptcy Court
101 W. Lombard St.
Baltimore, Maryland 21201

**RE: George Transfer, Inc.**
**Case No.: 96-5-1292(JS)**

To the Clerk:

On April 19, 2011 the Bankruptcy Court entered an Order, attached, authorizing the Liquidating Trustee of George Transfer, Inc. to deposit funds into the Court registry for, among others, claimants with proposed second and final distributions over $600.00 and for which a W-9 was not received by the Liquidating Trustee. As Liquidating Trustee for the above case, I am therefore requesting that the Clerk accept these funds to be deposited into the Court's Registry:

| BMS Claim No. | | Claimant | Address | Proposed Distribution $ | Class | W-9 Request Status | % Distribution |
|---|---|---|---|---|---|---|---|
| 87 | | Thelma Bakori, Jeffrey T. Olup | Bassi & Associates<br>P O Box 144<br>Charleroi PA 15022 | $23,077.08 | 5 | Letter Returned | 7.69% |
| 274 | | Marjorie L. Bollinger, Frank L. Bollinger | c/o John S. Bowers<br>720 S. High Street<br>Columbus OH 43206 | $4,615.42 | 5 | Letter Returned | 7.69% |
| 8 | | Lela M. Butler | c/o M. Terry Haselden<br>1066 Asheville Hwy<br>Spartansburg SC 29303-2643 | $5,500.04 | 5 | Letter Returned | 7.69% |
| 183 | | James Butler, Faucette Law Firm, P.A. | c/o M. Terry Haselden<br>1066 Asheville Hwy<br>Spartansburg SC 29303-2643 | $769.24 | 5 | Letter Returned | 7.69% |
| 130 | | William Peterson, Jonathan Ostroff | Ostroff & Kline, P.C.<br>2962 Skippack Pike<br>Lansdale PA 19446 | $3,076.94 | 5 | Letter Returned | 7.69% |

UNITED STATE BANKRUPTCY COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **In Re:** | ) | |
| | ) | **Case No. 96-51292** |
| **George Transfer, Inc.** | ) | |
| | ) | **Chapter** |
| **Debtor(s)** | ) | |

**AFFIDAVIT IN SUPPORT OF MOTION TO WITHDRAW UNCLAIMED FUNDS FROM THE COURT REGISTRY**

I, Marjorie L. Cleghorn being duly sworn, state:

1. The trustee appointed by the Court in this case did deposit in the Court's Registry of Unclaimed Funds the amount of $4,615.42.
2. The funds are the property of Marjorie L. Cleghorn f/k/a Marjorie L. Bollinger.
3. The right to the funds has not been further purchased, sold, assigned, or transferred.

I declare under penalty of perjury that I have read the foregoing statements and that they are true and accurate to the best of my knowledge, information, and belief, and that the Court may rely on the truth of each statement.

**Signature of Deponent:** Marjorie L. Cleghorn **Date:** 7-8-14
**Marjorie L. Cleghorn**

Last 4 Digits of Claimants Social Security No./Tax Payer Identification No.: 4354

Address of Deponent: 143 N. Pershing Dr. Lancaster OH 43130-1557

Telephone Number of Deponent: 740.422.8179

**SUBSCRIBED AND SWORN TO BEFORE ME** this 8th day of July, 20 14, in the County of Fairfield, State of Ohio

Sean P. M
Signature of Notary Public

Date Commission Expires: 02/01/2015

NOTARIAL SEAL STATE OF OHIO

SEAN P. MURNANE
Notary Public, State of Ohio
Commission expires 02-01-2015

| *Creditor:* (1535468)<br>Marjorie L. Bollinger<br>Frank L. Bollinger<br>c/o John S. Bowers<br>720 S. High Street<br>Columbus, OH 43206 | **Claim No: 274**<br>*Original Filed Date:* 07/08/1996<br>*Original Entered Date:* 07/08/1996 | *Status:*<br>*Filed by:* CR<br>*Entered by:*<br>*Modified:* 07/12/1996 |
|---|---|---|

| | | | |
|---|---|---|---|
| Amount | claimed: | $25000.00 | |
| Secured | claimed: | $0.00 | |
| Priority | claimed: | $0.00 | |
| Unknown | claimed: | $0.00 | |
| Unsecured | claimed: | $25000.00 | |

*History:*

| | | | | |
|---|---|---|---|---|
| Details | | 274-1 | 07/08/1996 | Claim #274 filed by Marjorie L. Bollinger, Amount claimed: $25000.00 |

*Description:*

*Remarks:* (274-1) Converted from BANCAP.

## Claim History

# Detailed Description of Claim Activity 274-1

| Date of Change | Change Made by | Description of Change | |
|---|---|---|---|
| 07/08/1996 | | Created *Amount Claimed:* $25000.00<br>Created *Unsecured Claimed Amount:* $25000.00<br>Created *Secured Claimed Amount:* $0.00<br>Created *Priority Claimed Amount:* $0.00<br>Created *Unknown Claimed Amount:* $0.00 | Created *Admin Allowed Amount:* $0.00 |
| | | Created *Filed By:* Creditor<br>Created *Date Filed:* 07/08/1996 | |
| | | Created *Remarks:* Converted from BANCAP. | |




B10 (Official Form 10)
(Rev. 12/92)


*96-51292*

*1363283*

# United States Bankruptcy Court
District of Maryland (Baltimore)

# PROOF OF CLAIM

In re (Name of Debtor)
**George Transfer, Inc.**

Case Number **96-51292-jfs-11**

Cred.id: **1363283**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor
*(The person or other entity to whom the debtor owes money or property)*
**Marjorie L. Bollinger**

Name and Address Where Notices Should be Sent

**Marjorie L. Bollinger**
**& Frank L. Bollinger**
**c/o John S. Bowers**
**720 S. High Street**
**Columbus, OH 43206**

Telephone No.

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated:

1. BASIS FOR CLAIM

- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☒ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other (Describe briefly)

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (Fill out below)

Your social security number

Unpaid compensation for services performed from ______ (date) to ______ (date)

2. DATE DEBT WAS INCURRED
April 20, 1993

3. IF COURT JUDGMENT, DATE OBTAINED:

4. CLASSIFICATION OF CLAIM. Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

☐ SECURED CLAIM $
Attach evidence of perfection of security interest
Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle ☐ Other (Describe briefly)

Amount of arrearage and other charges at time case filed included in secured claim above, if any $

☒ UNSECURED NONPRIORITY CLAIM $ 25,000.00 Plus
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM $

Specify the priority of the claim.

- ☐ Wages, salaries, or commissions (up to $4000),* earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier—11 U.S.C.§ 507(a)(3)
- ☐ Contributions to an employee benefit plan—11 U.S.C. § 507(a)(4)
- ☐ Up to $1,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use—11 U.S.C. § (507)(a)(6)
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child—11 U.S.C. § 507(a)(7)
- ☐ Taxes or penalties of governmental units—11 U.S.C. § 507(a)(8)
- ☐ Other—Specify applicable paragraph of 11 U.S.C. § 507(a)

*Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after date of adjustment.

| 5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED: | $ 25,000.00 Plus (Unsecured) | $ (Secured) | $ (Priority) | $ 25,000.00 Plus (Total) |
|---|---|---|---|---|

☐ Check this box if claim includes charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

6. CREDITS AND SETOFFS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

7. SUPPORTING DOCUMENTS: *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. TIME-STAMPED COPY: To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY


FILED JUL 08 1996 CLERK'S OFFICE U.S. BANKRUPTCY COURT DISTRICT OF MARYLAND BALTIMORE

Date
7-1-96

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)

Marjorie L. Bollinger
Frank L. Bollinger

274

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C.§§ 152 and 3571.

116042167

UNITED STATES BANKRUPTCY COURT
District of Maryland (Baltimore)

Baltimore Division101 W. Lombard StreetSuite 919Baltimore, MD 21201

NOTICE OF COMMENCEMENT OF CASE UNDER CHAPTER 11
OF THE BANKRUPTCY CODE,
MEETING OF CREDITORS, AND FIXING OF DATES
(Corporation/Partnership Case)

**Case Number: 96-51292 jfs**
Date Filed (or Converted) : 2/16/96

IN RE(NAME OF DEBTOR)
George Transfer, Inc., 52-0325720

ADDRESS OF DEBTOR
I-83 at Route 439
PO Box 500
Parkton, MD 21120

NAME/ADDRESS OF ATTORNEY FOR DEBTOR
Kenneth Oestreicher
7 St. Paul St.,#1400
Baltimore, MD 21202

NAME/ADDRESS OF TRUSTEE

Telephone Number:410-347-8700

DATE/TIME/LOCATION OF MEETING OF CREDITORS
April 10, 1996 at 2:00 pm
Office of the US Trustee
300 W. Pratt, #375
Baltimore, MD 21201

[ X ] Corporation [ ] Partnership
Filing Claims: Deadline to File a Proof of Claim is 07/09/96

COMMENCEMENT OF CASE. A petition for reorganization under chapter 11 of the Bankruptcy Code has been filed in this court by or against the debtor named above, and an order for relief has been entered. You will not receive notice of all documents filed in this case. All documents filed with the court including lists of the debtor's property and debts, are available for inspection at the office of the clerk of the bankruptcy court.

CREDITORS MAY NOT TAKE CERTAIN ACTIONS. A creditor is anyone to whom the debtor owes money or property. Under the Bankruptcy Code, the debtor is granted certain protection against creditors. Common examples of prohibited actions by creditors are contacting the debtor to demand repayment taking action against the debtor to collect money owed to creditors or to take property of the debtor, and starting or continuing foreclosure actions or repossessions. If unauthorized actions are taken by a creditor against a debtor, the court may penalize that creditor. A creditor who is considering taking action against the debtor or the property of the debtor should review Sec. 362 of the Bankruptcy Code and may wish to seek legal advice. If the debtor is a partnership, remedies otherwise available against general partners are not necessarily affected by the commencement of this partnership case. The staff of the clerk of the bankruptcy court is not permitted to give legal advice.

MEETING OF CREDITORS. The debtor's representative, as specified in Bankruptcy Rule 9001 (5), is required to appear at the meeting of creditors on the date and at the place set forth above for the purpose of being examined under oath. Attendance by creditors at the meeting is welcomed, but not required. At the meeting, the creditors may examine the debtor and transact such other business as may properly come before the meeting. The meeting may be continued or adjourned from time to time by notice at the meeting, without further written notice to the creditors.

PROOF OF CLAIM. Schedules of creditors have been or will be filed pursuant to Bankruptcy Rule 1007. Any creditor holding a scheduled claim which is not listed as disputed, contingent, or unliquidated as to amount may, but is not required to, file a proof of claim in this case. Creditors whose claims are not scheduled or whose claims are listed as disputed, contingent, or unliquidated as to amount and who desire to participate in the case or share in any distribution must file their proofs of claim. A creditor who desires to rely on the schedule of creditors has the responsibility for determining that the claim is listed accurately. The place to file a proof of claim, either in person or by mail, is the office of the clerk of the bankruptcy court. Proof of claim forms are available in the clerk's office of any bankruptcy court.

PURPOSE OF CHAPTER 11 FILING. Chapter 11 of the Bankruptcy Code enables a debtor to reorganize pursuant to a plan. A plan is not effective unless approved by the court at a confirmation hearing. Creditors will be given notice concerning any plan, or in the event the case is dismissed or converted to another chapter of the Bankruptcy Code. The debtor will remain in possession of its property and will continue to operate any business unless a trustee is appointed.

For the Court: Frank Monge
Clerk of the Bankruptcy Court

03/16/96
Date

FORM B9F 0001

Bancap 341 7/95 BNC

116078210

IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO
CIVIL DIVISION

MARJORIE L. BOLLINGER
10714 Zartman Road
Thornville, OH 43076

and

FRANK L. BOLLINGER
10714 Zartman Road
Thornville, OH 43076

95CV C04-2769

Plaintiffs

vs.

Case No.

JUDGE

JURY DEMAND ENDORSED HEREON

HARRY T. WESLEY
203 East St. Joseph St.
Easton, PA 18042

and

GEORGE TRANSFER, INC.
21132 Old York Road
P.O. Box 500
Parkton, MD 21120

Defendants

FILED COMMON PLEAS COURT 95 APR 19 PM 3:04 CLERK OF COURTS

COMPLAINT

1. Now comes Plaintiff, Marjorie L. Bollinger, who states that on April 20, 1993, she was lawfully traveling westbound in her motor vehicle on Interstate 70 near the Brice Road intersection in the City of Columbus, County of Franklin, and State of Ohio.

2. Plaintiff, Marjorie L. Bollinger, further states that Defendant, Harry P. Wesley, was operating a semi tractor-trailer truck belonging to Defendant, George Transfer, Inc., who was also

westbound at such time, attempted to change lanes from the left-hand westbound lane to the right-hand westbound lane where Plaintiff, Marjorie L. Bollinger, was operating her motor vehicle, and negligently struck Plaintiff Marjorie L. Bollinger's vehicle on the left side of said vehicle causing her to go off the roadway.

3. Defendant, Harry P. Wesley, changed lanes without safety and negligently struck Plaintiff Marjorie L. Bollinger's vehicle.

4. Defendant, Harry P. Wesley, was also negligent per se, to the extent that the above-described wrongful operation constituted a violation of traffic laws governing the conduct of motor vehicles on the streets and highways of the City of Columbus and State of Ohio.

5. Plaintiff, Marjorie L. Bollinger, further says that at the time of said accident, Defendant, Harry P. Wesley, was operating said motor vehicle while in the scope of his employment as a driver for Defendant, George Transfer, Inc.

6. As a direct and proximate result of the above-described negligence and/or negligence per se operation of the above-described vehicle by Defendants, Plaintiff, Marjorie L. Bollinger, sustained serious, painful and severe personal injuries to her lumbosacral region as well as to her left gluteal region, and such pain persists two (2) years after the accident.

7. As a direct and proximate result of the above-described negligence, Plaintiff, Marjorie L. Bollinger, has incurred medical expenses in an approximate amount to date of Five Thousand One Hundred Twenty-four and 23/100 Dollars ($5,124.23) and lost wages in the amount of Four Hundred Thirty-Four and 70/100 Dollars

($434.70).

8. Plaintiff, Marjorie L. Bollinger, further says that because of the persistent pain which she suffers, she will have to spend further sums for treatment and for possible surgery, in an undetermined amount.

9. Plaintiff, Marjorie L. Bollinger, further says that because of her condition and persistent pain which she has suffered, she has also suffered loss of services from her husband.

10. Plaintiff, Frank L. Bollinger, states that he is the husband of Plaintiff, Marjorie L. Bollinger, and that as a result of the negligence of Defendants, he has suffered loss of services of his spouse in an amount as yet undetermined.

WHEREFORE, Plaintiffs demand judgment against defendants for damages in excess of $25,000.00, for their costs herein expended, and for such other and further relief to which they may be entitled.

JOHN S. BOWERS #0021242
720 S. High Street
Columbus, OH 43206
614/443-6548
Attorney for Plaintiffs

JURY DEMAND

Plaintiffs herein demands a jury of eight (8) in the within cause.

JOHN S. BOWERS #0021242
Attorney for Plaintiffs

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND

| In re: | ) | |
|---|---|---|
| | ) | |
| George Transfer, Inc. | ) | Bankruptcy Case No: 96-51292 |
| | ) | Chapter 11 |
| Debtor(s) | ) | |
| | ) | |

ORDER FOR THE WITHDRAWAL OF
FUNDS PAID INTO COURT

Upon consideration for the motion filed by Dilks & Knopik, LLC on behalf of Marjorie L. Cleghorn for the withdrawal of funds paid into the court under 11 USC 347(a), and it appearing that Marjorie L. Cleghorn is entitled to the sum of $4,615.42 on deposit by the United States Bankruptcy Court for the District of Maryland.

ORDERED, that pursuant to 28 USC 2042, the Bankruptcy Clerk, District of Maryland, shall pay this unclaimed money to the order of:

Marjorie L. Cleghorn
C/o Dilks & Knopik, LLC
35308 SE Center St
Snoqualmie, WA 98065-9216

CC:
George Transfer, Inc., Debtor(s), PO Box 500, Parkton, MD 21120
Kenneth Oestreicher, Debtor's Attorney, koestreicher@wtplaw.com,
Charles R. Goldstein, Case Trustee, 1 East Pratt Street , Suite 800, Baltimore, MD 21202
US Attorney, Attn: Allen F. Loucks, 36 S. Charles St., 4th Floor, Baltimore, MD 21201
Dilks & Knopik, LLC, Attorney-in-Fact for Marjorie L. Cleghorn, 35308 SE Center St, Snoqualmie, WA 98065

**End of Order**

# DILKS & KNOPIK, LLC

"When Success Matters"

July 14, 2014

United State Bankruptcy Court
District of Maryland
Attn: Financial Adminsitrator
8308 US Courthouse
101 W. Lombard Street
Baltimore, MD 21201

RE: Application for the Release of Unclaimed Funds

Dear Financial Administrator:

I am applying to the US Bankruptcy Court, District of Maryland for the release of the unclaimed monies due and owing to Marjorie L. Bollinger for the amount of $4,615.42. This is from the Bankruptcy of George Transfer, Inc. and Case No. 96-51292.

Thank you for your attention to this matter.

Sincerely,

BD

Brian J. Dilks

FILED
2014 JUL 21 AM 11:41
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE

35308 SE Center St
Snoqualmie, WA 98065

Phone (425) 836-5728
Fax (877) 209-8249
Email admin@dilksknopik.com



MOTION PROCEEDING MEMO

In re: George Transfer, Inc.
Debtor(s)

Case No.: 96-51292
Chapter : 11
Motion No.:292- 1

Movant:

Date: 02/19/98

**APPEARANCES:** Kenneth Destaicke (Debtor)

Movant(s):

Trustee:

Respondent(s): Jeffrey Ohup (Claimant Thelma Bakori)

Other:

**NATURE OF PROCEEDING:**

[ ] Relief from stay
[ ] Other
[ ] Relief from Co-debtor Stay

George Transfer, Inc.
(Obj. to Claim ~~of Scottfields~~ [PP.292,293, 296,297,298]; Obj. to Claim of Frank & Marjorie Bollinger [PP.305,307]; Obj. to Claim of Ray Adams [PP.288,317,318,319,320, 325,327,337,338,343])

**OUTCOME:**

[ ] 1. Findings for Movant
[ ] 2. Findings for Respond
[ ] 3. Consent
[ ] 4. Default
[ ] 5. Withdrawn/Dismissed
[ ] 6. Decision Reserved
[ ] 7. Moot
[ ] 9. Submissions due:
[ ] 10. Other:
[ ] 11. Relief by operation of law (no order required)

**DECISION:**

[ ] 1. Signed by Court
[ ] 2. Rule 4001(d) notice due
[ ] 3. Military Affidavit due
[ ] 4. Order to Show Cause
[ ] 5. Dismiss for w/Prosecution
[ ] 6. To be prepared by:
[ ] (a) Movant's counsel
[ ] (b) Respondent's counsel
[ ] (c) Court
[ ] (d) Other:
[ ] 7. Filed by Counsel

**NOTES:** Moscadelli settled; Bollinger + all uninsured tort claimants settled; Ramsey Tentative settlement; Connelly settled; Greenan claim allowed; Batts County allowed; Fed Highway Admin settled; Bakori settled; Ray Adams settled; →



James F. Schneider
James F. Schneider, U.S. BANKRUPTCY JUDGE

(3/94)

Jon Husted
Ohio Secretary

Jon Husted & the Office | Elections & Voting | Campaign Finance | Legislation & Ballot Issues | Businesses | Records | Media Center | Publications

**Business Services:** Other Records

your **BUSINESS** begins here

Notary Search | Help

Search For Ohio Notaries Public

First Name: Sean Starts with
Last Name: Murnane Starts with
County: All Counties
Zip:

Run Report | Reset

## Search Results

| Notary Name | Address | County ▲ | Commission Number | Notary Type | Special Type | Commencing | Commission | Expiration | Comment |
|---|---|---|---|---|---|---|---|---|---|
| SEAN P MURNANE | 4650 BROOK ROAD LANCASTER OH 43130 | FAIRFIELD | 2010-RE-319290 | Notary Public | None | 02-FEB-10 | 02-FEB-10 | 01-FEB-15 | - |

1 - 1

Download

ENTERED
APR 23 1998
CLERK'S OFFICE
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | | |
|---|---|---|
| In re: GEORGE TRANSFER, INC., | * | Case No: 96-5-1292-JS<br>Chapter 11 |
| Debtor. | * | |
| In re: MACK BROTHERS, INCORPORATED, | * | Case No: 96-5-1293-JS<br>Chapter 11 |
| Debtor. | * | |
| | * | |
| In re: TRI-L TRANSPORT, INC., | * | Case No: 96-5-1294-JS<br>Chapter 11 |
| Debtor. | * | **(Consolidated Under Case No. 96-5-1292-JS)** |
| | * | |

* * * * * * * * * * * * *

**ORDER APPROVING MOTION FOR AUTHORITY TO**
**APPROVE SETTLEMENT WITH MAJORIE AND FRANK BOLLINGER**

Upon consideration of the Liquidating Trustee of George Transfer, Inc., Mack Brothers, Incorporated and Tri-L Transport, Inc.'s Motion for Authority to Approve Settlement with Majorie and Frank Bollinger (the "Motion"), no objections having been filed, and the Court finding that the settlement with Majorie and Frank Bollinger (the "Bollingers") in the amount stated in the Motion is fair and reasonable and that the settlement is in the best interests of creditors, it is this 22nd day of april, 1998,

ORDERED, that the Motion is granted and the settlement between the Liquidating Trustee of George Transfer, Inc., Mack Brothers, Incorporated and Tri-L Transport, Inc. (the "Trustee") and Majorie and Frank Bollinger is approved, and it is further



419, 420

ORDERED, that the Liquidating Trustee is authorized to execute any documents and take any other action necessary to effectuate the settlement, and it is further

ORDERED, that the Bollingers shall have a claim in Class 5 of the Debtors' First Amended Joint Plan of Liquidation in the amount of $60,000.

James F. Schneider
United States Bankruptcy Judge

cc: Kenneth Oestreicher, Esquire
Whiteford, Taylor & Preston
Seven Saint Paul Street
Baltimore, MD 21202-1626

Scott D. Field, Esquire
Reznick, Fedder & Silverman
4520 East-West Highway
Bethesda, MD 20814

Office of the United States Trustee
300 West. Pratt Street
Suite 350
Baltimore, MD 21201

Howard A. Rubenstein, Esquire
Adelberg, Rudow, Dorf, Hendler & Sameth
600 Mercantile Bank & Trust Bldg.
2 Hopkins Plaza
Baltimore, MD 21201

John S. Bowers, Esquire
720 South High Street
Columbus, OH 43206

1116843.v6

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

In re: GEORGE TRANSFER, INC., * Case No: 96-5-1292-JS
Chapter 11
Debtor. *

In re: MACK BROTHERS, INCORPORATED, * Case No: 96-5-1293-JS
Chapter 11
Debtor. *

*

In re: TRI-L TRANSPORT, INC., Case No: 96-5-1294-JS
* Chapter 11
Debtor.
* **(Consolidated Under Case No. 96-5-1292-JS)**
*

* * * * * * * * * * * * *

**MOTION FOR AUTHORITY TO APPROVE SETTLEMENT WITH MAJORIE BOLLINGER AND FRANK BOLLINGER**

Scott D. Field, Liquidating Trustee (the "Trustee") for the estates of George Transfer, Inc. Tri-L Transport, Inc. and Mack Brothers, Incorporated, by his undersigned attorneys, hereby moves pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, to settle the claim of Majorie and Frank Bollinger on the following grounds:

**Background**

1. On February 16, 1996, the George Transfer, Inc., Tri-L Transport, Inc., and Mack Brothers Incorporated (the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Code"). The Debtors filed an Application for Joint Administration which was approved by the Court on February 21, 1996. On September 9, 1996, the cases were substantively consolidated.

419

2. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B) and (O).

3. The Debtors were in the trucking business. On January 17, 1996, the United States Department of Transportation issued an order requiring the Debtors to cease interstate motor carrier operations immediately. Beginning on January 18, 1996, the Debtors' principal secured creditor, First Union Commercial Corporation, refused to honor some checks issued by the Debtors including checks issued to its owner operators ("Owner Operators"), employees and others.

4. In order to preserve the value of their business assets, the Debtors and their parent company, Canton Investments, Inc., and an affiliate, GT Logistics, Inc. (collectively with the Debtors, the "Sellers"), entered into an Asset Purchase Agreement dated January 22, 1996 (the "Asset Purchase Agreement") with Malone Freight Lines, Inc. ("Malone"). Pursuant to the Asset Purchase Agreement, Malone agreed to purchase certain of the Sellers' assets, consisting of (a) all intangible assets, including but not limited to general intangibles, contract rights, customer lists, the list of Owner Operators as of January 19, 1996 and the list of the Sellers' Agents as of January 19, 1996; (b) all of the business records (i) necessary to provide uninterrupted service to each of the Debtors' customers (the "Customers"), including but not limited to Customer sales files, Customer contracts and pricing information, vendor lists, sales documents and contract forms; and (ii) related to each of the Owner Operators and key employees, including but not limited to the driver qualification files; and (c) the tradenames "George Transfer, Inc.", "Mack Brothers", "GT Logistics", and "Tri-L Transport", and all other business names, tradenames, trademarks trade secrets or similar intellectual property owned by the Sellers (the "Purchased

Assets"). One of the conditions of the Asset Purchase Agreement was that the Debtors file for protection under chapter 11 of the Bankruptcy Code

5. The price for the Purchased Assets (the "Purchase Price") was $1,873,177.50, subject to adjustment based on the number of Owner Operators continuing to work with Malone as of July 22, 1997 and the amount that Malone paid to satisfy certain of the Debtors' obligations that exceeded $875,000.

6. On March 26, 1997, the Court approved the Asset Purchase Agreement.

7. On July 25, 1996, the Debtors filed their First Amended Joint Plan of Liquidation (the "Plan"). The Plan provides for the appointment of a Liquidating Trustee to liquidate the Debtors' remaining assets, to pay allowed administrative expenses and to make distributions to creditors. Scott D. Field was appointed Liquidating Trustee.

8. The Plan has two main classes of unsecured creditors, classes 4 and 5. Class 4 is the class of holders of unsecured claims <u>that are not</u> for personal injury or wrongful death. Class 5 is the class of holders of claims for personal injury or wrongful death for which there is no insurance. Class 5 is designated as the Uninsured Tort Claimants Class.

9. The Plan was structured in this manner because of the limitations in 28 U.S.C. § 157 on a bankruptcy court's authority to liquidate or estimate claims for personal injury or wrongful death for the purpose of distribution.

10. The Plan provides that the assets of the Debtors are to be liquidated and then allocated into two separate funds, the Claims Distribution Account for holders of allowed Class 4 Claims and the Uninsured Tort Claimant Fund for holders of allowed Class 5 Claims.

11. To facilitate distribution to general unsecured creditors the Plan has a procedure to estimate the Uninsured Tort Claimants' claims and to allocate the assets between the estimated

Uninsured Tort Claims and the general unsecured claims. In that manner distribution to holders of allowed claims in Class 4 could proceed without awaiting a determination of all Uninsured Tort Claimants' actions which are pending in courts in numerous jurisdictions around the country. In order to insure equality of treatment among creditors in Class 5, distribution to Uninsured Tort Claimants could not commence until all the Uninsured Tort Claims were finally adjudicated in the various courts where the cases were pending or the cases were settled.

12. In order to simplify the estimation process and to expedite distributions to both Classes 4 and 5, the Debtors and then the Liquidating Trustee attempted to settle the Uninsured Tort Claims. The Liquidating Trustee has now reached proposed settlements with all Uninsured Tort Claimants obviating the need for the claims estimation procedure and the need for trials. If these matters had to be tried the cost would greatly reduce any prospective distributions. If the settlements are approved, the allocation between the two funds can be made and distributions commenced.

13. The settlements are based on medical records provided, police reports, letters from counsel, the complaints filed, and other relevant documentation. The total amount of proposed allowed Uninsured Tort Claims is approximately $3.96 million dollars. This amount is approximately 29% of the minimum total of $12.9 million dollars in proofs of claim filed by holders of Uninsured Tort Claims. The $3.96 million figure will be used to determine the allocation between the Claim Distribution Account and the Uninsured Tort Claimant Distribution Fund and the settlement amounts will be used to make the pro rata distributions to the holders of the allowed claims.

14. Majorie and Frank Bollinger (the "Bollingers") are the holders of an alleged Uninsured Tort Claim. They filed a proof of claim in the amount of $25,000 plus. The Liquidating Trustee has reached an agreement to provide the Bollingers with an allowed Class 5 Claim of $60,000.

15. Majorie Bollinger was injured when the car she was driving was allegedly struck by a George Transfer, Inc. truck. and as a result hit a concrete abutment after striking a guard rail. Her medical records indicate that she continues to suffer from back pain. Her medical costs to date are over $12,000. There is a possibility of the need for further surgery. Her husband's claim is for loss of his wife's services. He was not involved in the accident. The settlement is fair in light of the expenses already incurred, the prospect of future surgery and the continuing discomfort that Marjorie Bollinger allegedly suffers. Because of the risk of litigation and a jury trial the settlement is in the best interests of creditors.

WHEREFORE, the Liquidating Trustee respectfully requests that the Court enter an order granting the Bollingers an allowed Class 5 Claim of $60,000, and for such other and further relief as is just and proper.

Kenneth Oestreicher (#05567)
Whiteford, Taylor & Preston, L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
(410) 347-8700

Attorneys for Liquidating Trustee

**CERTIFICATION OF SERVICE**

I HEREBY CERTIFY that on this 12th day of March, 1998, a copy of the foregoing Motion was mailed, first-class, postage prepaid, to:

Office of the U.S. Trustee
Marsh & McLennon Building
300 West Pratt Street, Suite 350
Baltimore, Maryland 21201

Howard A. Rubenstein, Esquire
Adelberg, Rudow, Dorf, Hendler & Sameth
600 Mercantile Bank & Trust Building
Two Hopkins Plaza
Baltimore, Maryland 21201

Scott D. Field, Esquire
Reznick Fedder & Silverman
4520 East-West Highway
Suite 300
Bethesda, Maryland 20814-3319

John S. Bowers, Esquire
720 South High Street
Columbus, Ohio 43206

Kenneth Oestreicher

1115595.V8